Thomas J. Long v. Charles H. Moore.

*Chattel mortgage—Satisfaction by sale.*

1. A woman who held a bill of sale of personal property in security for a debt proceeded to sell the property. Part of it was covered by a chattel mortgage, and at her request this mortgage was purchased by a third person, and held for her. She sold property enough to pay both debts, and of that which was sold enough was included in the chattel mortgage to pay that off. Afterwards her son, who was cognizant of all the facts, took an assignment of the chattel mortgage. *Held,* that the chattel mortgage must be deemed satisfied.

2. If there were any facts to excuse the failure to apply the moneys received on the sale in satisfaction of the mortgage, they should have been affirmatively established, as the sale prima facie paid it under the circumstances stated.

Error to Kent.   (Montgomery, J.)   Jan. 13.—Jan. 21.

Trover.   Defendant brings error.   Reversed.

*Grove & Lawrence* for appellant.

*D. E. Corbitt* for appellee.

COOLEY, C. J.   This is an action of trover to recover the value of a yoke of oxen.  The cause was tried by the circuit judge without a jury, and the only question presented by the record in this Court is whether the finding of facts is sufficient to support the judgment which was rendered for the plaintiff.   The finding of facts is as follows :

"*First.* The plaintiff puts forth two claims to the property in question, the *first* being that he is the absolute owner by purchase from his mother, Winifred Long ; and *second,* that he is entitled to maintain this action under a mortgage executed by his father, John R. Long.   As to the first claim, the fact is that John R. Long was the owner of the cattle, and not Mrs. Long.   As to the second claim, the facts are that on the 20th day of November, 1883, the defendant was in possession of the oxen, having previously purchased them of John R. Long, who was the owner of them.   John R. Long had, on the 8th day of January, 1883, given this mortgage in question on this team of oxen and other property, namely, two horses, one double spring buggy and three cows, and said mortgage had been duly filed with the proper township clerk.   He had also, on the 5th day of June, 1883, given to Loomis K. Bishop, a bill of sale intended as a mortgage on the same oxen and horses, and other property, namely, 40 acres of growing wheat, the undivided half of 12 acres more of growing wheat, 70 sheep, 40 lambs, one stump-machine and tools belonging to it, and 20 thousand feet of pine lumber.   Winifred Long claimed title to all of said property except the wheat and one horse.   Said bill of sale was given by said John R. Long to said Bishop to secure the payment of four hundred and seventy-seven dollars.   After maturity of the debt secured by said bill of sale, and when it amounted to $525, the plaintiff's mother, Winifred Long, wife of said John R. Long, purchased it from said Bishop for that sum, and to enable her to purchase it, D. E. Corbitt, Esq., her legal adviser, became her security for the amount at a bank where she borrowed the money.   Mrs. Long then proceeded to foreclose said bill of sale, and advertised the property mentioned in it for sale, and at this time the said chattel mortgage was held and owned by J. M. Stanley, and the amount due on it was $134.   Default had been made in its conditions by the mortgagor, entitling the mortgagee to possession.   At the date fixed for said sale, said Stanley appeared and forbade the sale of the property mentioned in his mortgage, and only the wheat and one horse were then sold at

that public sale. Mrs. Long then went to her said legal adviser, Mr. Corbitt, and requested him to take up the Stanley mortgage, and keep it till he should get his pay. Said Corbitt, in compliance with said request, advanced the money, and took an assignment of the mortgage to himself. Mrs. Long then proceeded to sell, and did sell, the balance of the property covered by the Bishop bill of sale, at private sale, and received therefor the following amounts, viz. :

At the public sale she sold the wheat, and re-
received therefor over    -    -    -    - $300 00
And one horse, covered by the bill of sale
and the Stanley mortgage, for    -    -    130 00
At private sale she sold wool from the sheep,
and received therefor    -    -    -    -    53 00
She sold sheep, and received therefor    -    195 00
And lambs and four sheep, and received therefor 65 00

Amounting in all to the sum of    -    - $743 00

—which was more than both debts secured by this bill of sale and chattel mortgage amounted to. In all her dealing with the property covered by these two securities, Mrs. Long was assisted by the plaintiff, who was her son and a member of her family, and who had full knowledge of all that was being done with reference to the property, and made no objection. His connection with the whole transaction was in her interest and as her agent.

*Second.* The Stanley mortgage was assigned by Mr. Corbitt to the plaintiff, November 20th, 1883, in consideration of the sum of $110, claimed by plaintiff to have been then paid by him to Mr. Corbitt, and his note for twenty-five ($25) dollars.

*Third.* In procuring the assignment of said mortgage from said Stanley, said Corbitt acted as the agent of Mrs. Long, under her instructions ' to take it up and keep it till she should pay him.'

*Fifth.* When the sale of property took place under the Bishop bill of sale, Mrs. Long was the owner of both the bill of sale, and the chattel mortgage was held by D. E. Corbitt, as aforesaid.

*Sixth.* Prior to the 20th day of November, 1883, and after Mrs. Long bid in said horse at $130, the said John R. Long sold the said oxen to the defendant, and the said defendant took the said oxen and drove them away ; and afterward the said plaintiff demanded the said oxen of the defendant and the said defendant refused to give them up. At the time of

the sale of the oxen by said John R. Long to defendant, and at the time of commencement of this suit, the said horse, covered by both securities, remained in the possession of Mrs. Long, she having bid her in at the sale under the Bishop bill of sale. There also then remained in her possession said double spring buggy and three cows mentioned in the Stanley mortgage. She claims title to the cows, and the plaintiff claimed title to the sheep, before mentioned, derived from her.

| | |
|---|---|
| Said horse was worth - - - - - | $130 00 |
| Said buggy was worth - - - - | 5 00 |
| Said three cows were worth - - - - | 90 00 |
| Total value - - - - - - | $225 00 |

*Seventh.* The value of the oxen, at the time they were taken by the defendant, was $120, which sum, with interest to the present date, amounted to $125."

From this finding the judge drew the legal conclusion that the plaintiff was entitled to recover of the defendant the value of the oxen.

We have been unable to agree in this conclusion. It is expressly found that while Mrs. Long held the Bishop bill of sale, and the Stanley mortgage was held by Corbitt for her, she made sale of property described in the Bishop bill of sale and received therefor more than sufficient to pay them both, and that of the property thus sold, a portion which was embraced in the Stanley mortgage was sold for more than the amount due on that mortgage. This in legal effect, though Mrs. Long did not profess to be foreclosing the Stanley mortgage, amounted to actual foreclosure and satisfaction unless facts appear to excuse the refusal to apply moneys received upon that security. No such facts are found in this case, and upon this record the Stanley mortgage must not only be deemed satisfied, but the plaintiff who was privy to all the facts must be deemed to have known that it was satisfied when he took his assignment.

It follows that the judgment for the plaintiff must be set aside and judgment entered in this Court for the defendant with costs of both courts.

The other Justices concurred.