Bank v. Leslie.

The Harrison National Bank v. J. F. Leslie.

No. 14,333.    (83 Pac. 984.)

SYLLABUS BY THE COURT.

Chattel Mortgages — *Possession by Mortgagee — Sale — Accounting.*    In the absence of fraud or bad faith, when the holder of a chattel mortgage, after default, takes possession of the mortgaged property, and, without any demand for an earlier sale from the mortgagor or from the guarantor of the mortgage debt, but with the apparent acquiescence of all parties interested, holds it for several months and then sells it in accordance with the provisions of the mortgage, he is accountable for the amount received therefor at such sale, less the proper expenses of keeping and sale, and is not accountable for the market value of the property when taken, if such value should prove to be greater than the price obtained.

Error from Reno district court; W. H. Lewis, judge. Opinion filed December 9, 1905. Reversed.

STATEMENT.

This action was brought by plaintiff in error in the district court of Reno county against the defendant in error on a separate guaranty of a promissory note executed by one Compton to the Zeb. F. Crider Commission Company, and by said company indorsed and sold to the plaintiff. The note was, when sold, also secured by a chattel mortgage on about 100 head of cattle, which mortgage was executed at the time the note was given. The separate guaranty was set forth in the petition, and reads as follows:

"For value received, I hereby guarantee the payment of a certain promissory note, wherein J. S. Compton promises to pay unto the Zeb. F. Crider Commission Company, on April 24, 1900, the sum of $4130.33, said note being dated October 24, 1899, and hereby waive demand, notice of non-payment, and protest, with privilege granted for any and all renewals and extensions and partial payments thereon.

"October 25, 1899.                    J. F. Leslie."

The answer admitted the execution of this paper, but denied that it was executed October 25, 1899, and alleged that it was executed long after the note, which was dated October 24, 1899. The answer also averred that the guaranty was without consideration; that the plaintiff had taken possession of the cattle mortgaged to secure the debt; that when taken they were worth in the market more than the amount of the debt, and, if they failed to bring enough to satisfy the debt, it was because of the negligence and mismanagement of the holder of the mortgage and the incurring of unnecessary expense. The reply was a general denial.

On the trial the evidence on behalf of plaintiff was to the effect that the guaranty was required by the commission company as a condition to the making of the loan to Compton, and for the express purpose of enabling them to sell the note; that the defendant agreed to give the guaranty at the time the note was given, and did in fact execute it at that time or shortly thereafter, probably the next day, and before the sale of the note and mortgage to plaintiff. The defendant, Leslie, testified that he agreed with the commission company to guarantee the paper for the purpose of enabling Compton to secure the loan and the commission company to negotiate it, but that he did not execute the paper till November 28, 1899. Verdict and judgment were for the defendant.

The plaintiff brings the case here, and the defendant makes no appearance. If any evidence or proceeding especially favorable to the defendant be overlooked it may consequently be attributed to defendant's laches.

*Fairchild & Lewis*, for plaintiff in error; *Botsford, Deatherage & Young*, of counsel.

The opinion of the court was delivered by

SMITH, J.: The errors complained of relate to the giving of instructions excepted to by plaintiff, and the refusal to give others asked by plaintiff. In the first

instruction given of which complaint is made the connective "and" was evidently omitted, giving a very erroneous meaning to the sentence. Yet the omission is so apparent that an intelligent jury might be presumed to have supplied it, and we are reluctant to predicate a reversal upon an error that appears to be a palpable clerical mistake. This instruction, however, authorized the jury to find for the defendant upon a defense not pleaded in the answer, viz., "by holding them [the cattle] an unreasonable time before selling them upon the market, after taking possession." On this subject the court further instructed the jury as follows:

"I instruct you that under the terms of the chattel mortgage it was plaintiff's duty, when he took possession of the property described therein, to proceed to sell the same within a reasonable time after taking possession thereof, either at public or private sale at the place where said cattle were situated, or to ship the same to Kansas City, Kan., or to Kansas City, Mo., and sell the same upon the market; and if you believe from the evidence that the plaintiff failed to do that, and kept said cattle or a large portion thereof for several months after taking possession of the same, then in that event the plaintiff would be chargeable with the market value of said cattle described in the mortgage at the time that it took possession of the same; and if you believe also from a preponderance of the evidence that at the time plaintiff took said cattle they were of sufficient market value to satisfy plaintiff's note and mortgage, then you will find for the defendant."

There was no allegation in the answer that the cattle were held an unreasonable time, no allegation of fraud or bad faith in holding them, and no allegation that the mortgagor or the defendant even demanded an earlier sale. From all that appears in the pleadings or the evidence the plaintiff might have held the cattle and put them on pasture at the request of both the mortgagor and the defendant. Yet the court by this instruction makes this the basis of a verdict in favor of the defendant, provided only that the jury

find the cattle were of sufficient value when taken to pay the debt. By the express provision of section 4253 of the General Statutes of 1901 the mortgagor could, at any time after the plaintiff took possession of the cattle, have demanded the sale of them, and could thereby have imposed the risk of holding them upon the plaintiff. If the defendant desired an earlier sale he could have paid the debt and been subrogated to all the rights of the plaintiff under the mortgage, including the possession of the cattle.

The court erred in its instruction regarding the consideration for the guaranty, and in refusing instructions relating thereto. As this question is not likely to recur under the same evidence it would perhaps be fruitless to extend the discussion on this point. Suffice it to say that the true rule can be deduced from *Briggs v. Latham,* 36 Kan. 205, 209, 13 Pac. 129, and *Winans v. Manufacturing Co.,* 48 Kan. 777, 781, 30 Pac. 163.

The judgment of the district court is reversed and the cause is remanded.

All the Justices concurring.