## WAGGONER et al. v. KOON.

No. 6571—Opinion Filed Oct. 9, 1917.

(168 Pac. 217.)

(Syllabus.)

**1. Chattel Mortgages—Sale—Accounting of Proceeds.**

In the absence of fraud or bad faith when the holder of a chattel mortgage, after default, takes possession of the mortgaged property and sells it in accordance with the provisions of the mortgage, he is accountable for the amount received therefor at such sale, less the proper expenses of keeping and sale, and is not accountable for the market value of the property when taken, if such value should prove to be greater than the price obtained.

**2. Chattel Mortgages—Default—Possession of Property.**

The only restrictions upon the mode by which the mortgagee secures possession of the mortgaged property, after breach of condition, is that he must act in an orderly manner and without creating a breach of the peace, and must not intimidate by securing the aid of an officer who pretends to act colore officii.

**3. Appeal and Error — Harmless Error — Exclusion of Evidence.**

As the evidence excluded was offered for the purpose of proving that that part of the property sold did not sell for a sum sufficient to pay the amount due the mortgagee, the action of the trial court in excluding this evidence constitutes reversible error.

Error from County Court, Beckham County; E. H. Gipson, Judge.

Replevin by W. D. Waggoner and another against Rias Koon. Judgment for defendant, and plaintiffs bring error. Reversed and remanded for new trial.

T. L. Turner, for plaintiffs in error.

R. N. Linville, for defendant in error.

KANE, J. This was an action in replevin, commenced by the plaintiffs in error, plaintiffs below, against the defendant in error, defendant below. Hereafter the parties will be designated "plaintiffs" and "defendants," respectively, as they appeared in the trial court. Upon trial to a jury there was a verdict in favor of the defendant for

the return of the property, or its value, and for damages for wrongful taking and detention, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The plaintiffs set up a special ownership in the property involved, to wit, two dun mares, by virtue of a certain promissory note and chattel mortgage securing payment of the same, executed by the defendant. The defendant in his answer admitted the execution of the notes and mortgage, but claimed they had been paid prior to the institution of this action by the taking and sale of other property described in the mortgage sufficient to pay the note. And by way of cross-petition the defendant alleged: (1) A tender prior to the bringing of the action; (2) that the plaintiffs had unlawfully taken possession of said property and converted it to their own use; (3) that he had been greatly damaged by the unlawful taking of such property; and (4) that the plaintiffs were not entitled to the two dun mares at the time they were taken.

The assignments of error necessary to notice relied upon for reversal, as we find them stated in the brief of counsel for plaintiffs, may be summarized as follows: (1) The trial court should have sustained plaintiffs' objection to defendant's testimony introduced for the purpose of showing the value of the property involved; (2) the court erred in overruling certain evidence offered by the plaintiffs for the purpose of proving the amount received by the plaintiffs for the part of the property first taken and sold pursuant to the terms of the mortgage.

The first assignment of error goes to the competency of Mr. Koon, the owner of the mortgaged property, to testify as to its fair market value. This assignment, we think, is without merit. Mr. Koon, besides being the owner of the property, showed such familiarity with the fair market value of stock of the sort described in the mortgage as to qualify him as a witness on that point.

The second assignment of error arises out of the refusal of the trial court to permit the plaintiff to show the amount received by him at mortgage sale for the property first taken and sold under the mortgage. The evidence shows that the plaintiff first seized part of the mortgaged property, and, after holding it for some two or three weeks, at the request of the defendant, sold the same at mortgage sale, and, after pay-

ing the expenses of the sale, applied the balance on his debt. The amount thus received not being sufficient to pay the mortgage indebtedness and necessary expenses, the plaintiff instituted this action in replevin for the purpose of subjecting the balance of the mortgaged property to his claim. While the property first taken was being held by the plaintiff, the defendant tendered to the plaintiff a sum sufficient to pay the face of the note with interest, and demanded a return of the property, which tender the plaintiff refused, contending that he was entitled to be reimbursed for the expenses he had incurred for taking and keeping the property between the time of its seizure and the time of the tender.

It seems to be well settled that in the absence of fraud or bad faith when the holder of a chattel mortgage, after default, takes possession of the mortgaged property and sells it in accordance with the provisions of the mortgage, he is accountable for the amount received therefor at such sale, less the proper expenses of keeping and sale, and is not accountable for the market value of the property when taken, if such value should prove to be greater than the price obtained. Harrison Nat. Bank v. Leslie, 72 Kan. 401, 83 Pac. 984. In view of this rule, it seems quite clear that it was error for the trial court to exclude the testimony of the plaintiff offered for the purpose of showing the amount received for the part of the property first taken and sold. This same authority also sustains the contention of plaintiff that he was entitled to be paid by way of expenses for keeping and selling the first property seized, and that the tender of the face of the note by the defendant after the seizure was not sufficient.

There is some contention that there is evidence tending to show that part of the property first sold was taken in circumstances amounting to a conversion, but we do not believe that there was sufficient evidence adduced at the trial to justify such a finding. The undisputed facts seem to be that the plaintiff on several occasions attempted to effect a settlement with the defendant without foreclosing the chattel mortgage; that on each of these attempts the plaintiff stated to the defendant that if the amount due was not paid he would be compelled to take the mortgaged property and sell it pursuant to the terms of the mortgage; that after several of these unsuccessful attempts the property was taken and sold as hereinbefore stated. It is probably true that the defendant never express-

ly assented to the taking of the property, but this, we think, does not make the taking tortious. The only restrictions upon the mode by which the mortgagee secures possession of the mortgaged property, after breach of condition, is that he must act in an orderly manner and without creating a breach of the peace, and must not intimidate by securing the aid of an officer who pretends to act colore officii. Ray et al. v. Navarre et al., 47 Okla. 438, 147 Pac. 1019.

The rule is that where the mortgagee sells part of the property for a sum sufficient to pay the amount due him, it operates as payment of the debt, and his right to possession of the property left unsold is extinguished. Charter v. Stevens, 3 Denio (N. Y.) 33, 45 Am. Dec. 444; Long v. Moore, 56 Mich. 23, 22 N. W. 97.

As the evidence excluded was offered for the purpose of proving that that part of the property sold did not sell for a sum sufficient to pay the amount due the mortgagee, the action of the trial court in excluding this evidence constitutes reversible error.

The judgment of the court below is reversed, and the cause remanded for new trial.

All the Justices concur.