## BEN COOPER MOTOR CO. v. AMEY.

No. 19413. Opinion Filed April 29, 1930.

Saunders & Emerick and J. Knox Byrum, for plaintiff in error.

Goode & Dierker, for defendant in error.

EAGLETON, C. Enoch Amey brought suit against Ben Cooper Motor Company for conversion of a Dodge automobile. The defendant answered by a general denial. On trial evidence was introduced on behalf of the plaintiff to show that he bought a second-hand Dodge automobile from the defendant;

that he was delinquent in payments on the purchase price; chattel mortgage or conditional sales contract held by the defendant; that the defendant, through its agents, came to plaintiff's home to repossess the car. The plaintiff testified that he told the spokesman, one of the two men who came after the car, that he had an agreement with the defendant for time in which to reinstate his payments, and that "I told him that he could not get the car until I would go in and see Mr. Cooper. * * *" The daughter of the plaintiff testified: "He told papa he come for the car, and papa told him not to take the car until he seen Mr. Cooper, and they said there wasn't no use making two trips because Mr. Cooper was going to take it." Jack Wellington, the agent of the defendant who went after the car testified in part:

"Q. Now, did you have any conversation then about the car? A. I did. I told him I had come down there after that car, the Dodge that was there at this place. Q. What did he say? A. He says, 'It is setting around there in the garage.' Q. Anything else said? A. That was all. * * * Q. Was that all he said to you about taking the car? A. That was all he said. Q. Did he make any protest to your taking the car? A. None whatever."

He also denied that the plaintiff told him not to take the car. It was stated on behalf of plaintiff, and undenied, that plaintiff refused to turn over the car key and that the car was towed away.

The only question in the case is whether or not the verdict for the plaintiff and against the defendant is sustained by the evidence. The court refused to sustain a demurrer to the plaintiff's evidence, refused to instruct a verdict for the plaintiff, and refused to grant motion for a new trial filed by the defendant after the verdict was returned and judgment entered.

The law with reference to the right of possession and method of taking possession of chattels by the holder of a chattel mortgage, or the holder of title under conditional sales contract, is the same. This court has frequently discussed the situation, holding that the holder of a chattel mortgage, when conditions of the mortgage have been broken, may take possession of the mortgaged property, yet neither the mortgagee nor any one in his behalf has the right to take possession of such goods by force or threats of violence and without consent of the mortgagor. The law will not permit a mortgagor to threaten a breach of the peace, or commit a breach of peace, and then to

justify his conduct by trial of the right of property. Conversion is any distinct act of dominion wrongfully asserted over another's personal property or inconsistent with his rights. Ray v. Navarre, 47 Okla. 438, 147 Pac. 1019; Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 Pac. 194; Rogers v. Benford, 83 Okla. 270, 201 Pac. 646; Firebaugh v. Gunther, 106 Okla. 131, 233 Pac. 460; Wagoner v. Koon, 67 Okla. 25, 168 Pac. 217; Morgan v. Stanton Auto Co., 142 Okla. 116, 285 Pac. 962. It is not necessary for a man to have a gun to take forcibly property from another and convert the same. A man is not required, in defending his property, to use physical force to resist the taking thereof by another. If he tells the other not to take the property, and the other person, in the face of the instruction, proceeds to take it, that may be conversion. The circumstances of each case must be considered in determining whether or not "a breach of peace" has taken place, and the jury is the judge of the facts. In this case, the resistance by the plaintiff made to the taking of his automobile by the agent of the defendant was not strong, and we would not say that the words used by the plaintiff in resisting the taking of his automobile were in themselves, as a matter of law, sufficient to make conclusively the taking thereof conversion. J. I. Case Threshing Machine Co. v. Barney, 54 Okla. 686, 154 Pac. 674. However, in view of the other attending facts and circumstances, the facts were properly submitted to the jury, and the evidence reasonably sustains the verdict of the jury.

Further complaint was made that the instructions by the court given were not complete and did not cover all the issues of the case. Inasmuch as the only questions which could have been submitted to the jury were the rightful or wrongful taking of the car and the value of the car, and those questions were submitted to the jury by instructions to which exceptions were not taken, we find no error therein. The cause is therefore affirmed.

BENNETT, DIFFENDAFFER, FOSTER, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 26 R. C. L. p. 1098; R. C. L. Perm. Supp. p. 5842. See "Chattel Mortgages," 11 C. J. §297, p. 596, n. 47. "Trover and Conversion," 38 Cyc. p. 2005,