## REISINGER et al. v. VAN HUSS et al.

No. 20084. Opinion Filed March 22, 1932.

S. A. Horton, for plaintiff in error O. W. Dickerson.

F. E. Riddle and J. T. Dickerson, Jr., for other plaintiffs in error.

E. M. Conner, for defendants in error.

CLARK, V. C. J. Two separate suits were instituted in the district court of Tulsa county, which were consolidated in the trial court. One being by plaintiff, E. E. Reisinger, plaintiff in error herein, against H. M. and J. I. Van Huss for debt and foreclosure of a chattel mortgage upon oil well drilling tools; wherein plaintiff alleged in his amended petition that the defendants had executed their note and chattel mortgage upon the property to Hinderliter Tool Company, who thereafter, for a valuable consideration, assigned the note and mortgage to the plaintiff by written assignment, and that conditions of the mortgage had been broken, in that the defendants had failed to pay the balance due thereon. Alleged that the defendants had moved to Craig county part of the mortgaged property, that plaintiff had foreclosed the mortgage by advertising that part of the property, and plaintiff had purchased the property at the sale and credited the amount thereof on said indebtedness, and had conveyed the property to the British American Petroleum Company, and prayed that in case the foreclosure sale was held invalid he have judgment for the entire debt and foreclosure upon all the property.

The other action being by the British American Petroleum Company, a corporation, against the defendants, H. M. and J. I. Van Huss, as a copartnership, and alleged the said plaintiff was the owner of the property by reason of the purchase thereof from E. E. Reisinger, who was the plaintiff in the other action, and prayed that the defendants be enjoined from interfering with said property and from molesting the plaintiff in its possession thereof.

The Van Huss defendants filed their joint and separate answers in said causes by way of general denial, and admitted that they were a copartnership, and alleged that the property at all times mentioned was the property of the defendants, and filed cross-

petition against the plaintiffs herein. They alleged that the defendants entered into a written contract with the O. W. Dickerson Petroleum Company, a trust estate, for the drilling of a well, and the O. W. Dickerson Petroleum Company by reason of acts set out in cross-petition was indebted to the defendants, which amount of indebtedness greatly exceeded the mortgage debt sued upon; and alleged that one O. W. Dickerson, who was president of the O. W. Dickerson Petroleum Company, and W. L. Minter and E. E. Reisinger, one of the plaintiffs below, entered into a conspiracy to defeat the claims of the defendants and took the assignment of the mortgage in question in blank and thereafter entered the name of E. E. Reisinger, who is plaintiff in the foreclosure action. That the O. W. Dickerson Petroleum Company furnished the money to purchase said note and mortgage and that these defendants credited the amount of said note and mortgage on the indebtedness owing to them by the O. W. Dickerson Petroleum Company; and the defendants further pleaded that the sale of their property located in Craig county was void and stated the defects thereof. Further alleged that the defendants filed suit in the district court of Craig county for the possession of said tools against the plaintiff, E. E. Reisinger, and obtained judgment therefor, and which judgment was unappealed from and that said judgment divested the said E. E. Reisinger, plaintiff, of all right, title, and interest he had therein, and that by reason thereof the defendants are entitled to the exclusive possession and control of all of the tools covered by the mortgage.

Thereafter O. W. Dickerson, W. L. Minter, and the O. W. Dickerson Petroleum Company, a trust estate, were made parties defendant and filed separate verified answers by way of general denial to the cross-petition of the Van Huss defendants, and alleged that the judgment secured in Craig county against E. E. Reisinger was null and void.

Thereafter the plaintiffs, E. E. Reisinger and the British American Petroleum Company, filed replies.

A jury was selected and sworn to try the cause. During the trial, motion of the plaintiffs to dismiss and strike the cross-petition of defendants was sustained, and the defendants by permission of the court filed amended answer by way of a general denial; alleged ownership of the property in them; admitted the execution of the note and mortgage, alleged that the plaintiff was not the owner of the mortgage, alleged a conspiracy to defraud the defendants on the part of E. E. Reisinger, the plaintiff, O. W. Dickerson, president of the O. W. Dickerson Petroleum Company, and W. L. Minter, and that E. E. Reisinger is not the real party in interest. That O. W. Dickerson or O. W. Dickerson Petroleum Company is and was the real party in interest. Re-pleaded the judgment taken by defendants against the plaintiff, E. E. Reisinger, in replevin, in Craig county for one of the strings of tools covered by the mortgage. That the string of tools as set out in the petition of plaintiff and the string of tools which were the subject-matter in Craig county were all included in the mortgage and that the judgment in Craig county is res adjudicata in so far as it affects the drilling tools in this action.

At the close of the evidence the Van Huss defendants filed their demurrer to the evidence in the case of E. E. Reisinger, which the court considered as a motion for directed verdict and sustained the same, and directed the jury to return a verdict for the defendants as against E. E. Reisinger; and made the finding that the mortgage in question covered the two strings of tools, the one in Craig county and the one in Creek county, and that the tools in Craig county were foreclosed, and Reisinger, plaintiff herein, bought the property, and thereafter the defendants, H. M. and J. I. Van Huss, brought suit in Craig county to replevin the tools; judgment was rendered therein for the plaintiffs, and the court found that the judgment rendered in Craig county is a bar to any adjudication of that fact in this action and that that action litigated every right the plaintiff herein, Reisinger, had, and that the said Reisinger, defendant therein, by not pleading his right of possession is now estopped by the judgment, and that the mortgage related to the two strings of tools and is indivisible and that the judgment finding that H. M. and J. I. Van Huss were entitled to possession of the string of tools in Craig county controlled the balance of the personal property contained in the mortgage.

Thereafter special interrogatories were submitted to the jury with reference to the case of British American Petroleum Company, a corporation, and the jury found therein that O. W. Dickerson was the actual purchaser of the note and mortgage from Hinderliter Tool Company and was the purchaser of the property at foreclosure sale

in Craig county, and that it was O. W. Dickerson's money that purchased the note and mortgage; and further found that the assignment of the tools from E. E. Reisinger to British American Petroleum Company was not executed by E. E. Reisinger.

Whereupon the defendant, O. W. Dickerson, filed motion for judgment of foreclosure upon the findings of the jury, which was denied by the court.

Whereupon the court rendered judgment upon said findings for the defendants, H. M. and J. I. Van Huss, against the British American Petroleum Company.

Motions for new trial were filed and overruled and the plaintiffs below, and the defendant, O. W. Dickerson, bring the cause here for review under joint petition in error.

The plaintiffs in error admit that the judgment of the trial court was correct as to the judgment against plaintiff in error British American Petroleum Company, as its title depended upon the validity of the sale of the property in Craig county, and that the possession of the property had not been delivered to it at the time of the suit in Craig county, and the validity of the sale was determined by the judgment in the replevin action in Craig county.

The plaintiff in error E. E. Reisinger contends:

"The learned trial court erred in sustaining the motion of the defendant in error and rendering judgment against the plaintiff in error and in not rendering judgment for the plaintiff in error, foreclosing his mortgage and in not giving him a judgment for the amount of his mortgage. (a) A judgment in replevin merely determines the right of possession and the mere fact that defendant in error was owner of this property and entitled to possession, did not affect the chattel mortgage. (b) For the reason that a chattel mortgage does not transfer any interest in the property, it is merely a lien. And the judgment did not in any way affect the mortgage."

The record discloses that the petition filed by defendants, H. M. and J. I. Van Huss, against the plaintiff, Reisinger, in Craig county alleged, in substance, that they were the owners of the property therein described located in Craig county, and entitled to the immediate possession thereof, and same was unlawfully withheld from them by the defendant; described the property, and alleged same was not taken in execution on any order or judgment against said plaintiff or for the payment of any tax, fine, or amercement assessed against

them, or by virtue of any order of delivery issued in replevin, or any other mesne or final process issued against them. Alleged damages against defendant. Prayed for possession of the property or the value thereof, and for damages.

Service was secured against the defendant, Reisinger, therein, by publication. Default was made by defendant therein, and plaintiffs dismissed their claim for damages. Judgment was entered therein, wherein the court found that plaintiffs were entitled to judgment for the possession of the property; and decreed that plaintiffs were the owners of the property and that defendant had no right, title, or interest therein, and gave plaintiffs possession of the property. Further decreed:

"That the plaintiffs' title to said property be and the same is hereby quieted in them as against the said defendant and all persons claiming by, through, or under him."

Thereafter the defendant, Reisinger, in said action filed affidavit in support of motion to vacate the judgment, setting out therein he had no notice of the pendency of the action until after judgment; that he had a good defense, in that he was the owner of the property; and that plaintiffs have no right or interest therein.

The motion to vacate the judgment, and the ruling of the court therein, we are unable to find in the record.

The defendants in error contend that when Reisinger moved to vacate the judgment in Craig county, he subjected himself to the jurisdiction of that court and he entered his appearance and was there for all purposes of that suit, and:

"The judgment in the district court of Craig county, Okla., not only litigated every question, issue, and fact which was presented in that court, but also upon those which might have been presented in the case in Craig county, between E. E. Reisinger and H. M. and J. I. Van Huss."

Section 7411, C. O. S. 1921, provides:

"Notwithstanding an agreement to the contrary, a lien or a contract for a lien transfers no title to the property subject to the lien."

In the case of Smith-Wogan Hdw. & Imp. Co. v. Bice, 34 Okla. 294, 125 Pac. 456, this court in the 1st paragraph of the syllabus said:

"In Oklahoma a chattel mortgage creates a lien on the mortgaged property in favor of the mortgagee, and does not convey the title to the property."

In the case of Ben Cooper Motor Co. v. Amey, 143 Okla. 75, 287 Pac. 1017, this court in the body of the opinion said:

"The law with reference to the right of possession and method of taking possession of chattels by the holder of a chattel mortgage, or the holder of title under conditional sales contract, is the same. This court has frequently discussed the situation, holding that the holder of a chattel mortgage, when conditions of the mortgage have been broken, may take possession of the mortgaged property, yet neither the mortgagee nor any one in his behalf has the right to take possession of such goods by force or threats of violence and without consent of the mortgagor."

In the case of Hart et al. v. Grove, 92 Okla. 203, 218 Pac. 855, this court in the 2nd and 3rd paragraphs of syllabus said:

"2. In a replevin action, where the defendant is in possession of the property by a void attachment, and after the attachment is levied and the property unlawfully delivered to him, he acquires title to a past due note secured by a mortgage on the property, and without surrendering the possession under the attachment, sets up as defense his right to have and hold possession under the mortgage, held not a defense.

"3. Under the facts above stated, the defendant is subrogated to the rights of the mortgagee, but this does not give him the right to possession against the mortgagor under the attachment; he must surrender the possession acquired under the attachment and repossess himself by foreclosure proceedings under the mortgage."

In the case of Chadwell et ux. v. Brown et al., 88 Okla. 44, 211 Pac. 410, this court in the 3rd paragraph of syllabus said:

"The gist of the action of replevin is plaintiff's right to the immediate possession of the personal property in controversy, at the commencement of the action, by reason of his being the owner or having a special interest therein."

In the case of Ray et al. v. Navarre et al., 47 Okla. 438, 147 Pac. 1019, in the 5th paragraph of the syllabus, this court said:

"Property taken forcibly and without the consent of the owner may be recovered back, and the fact that the owner thereof was indebted to the wrongdoer is not a defense."

We are of the opinion that under the pleadings filed in the replevin action in Craig county, the only questions litigated in said action were the ownership of the property in Craig county, and whether or not the defendant therein, Reisinger, had legally acquired possession thereof for the purpose of foreclosure, and the validity of the foreclosure sale. The effect of the judgment rendered in the replevin action in Craig county was that the plaintiffs therein, H. M. and J. I. Van Huss, were the owners of the tools in litigation; that the defendant, Reisinger, had wrongfully taken possession thereof, and that the foreclosure proceedings were void. The plaintiffs therein were given the possession of the property. This did not in any way invalidate the mortgage against the property. The rights of the mortgagee as to the indebtedness due thereon were not in litigation, and the mortgagee was not thereby deprived of his legal rights under the mortgage.

The trial court erred in sustaining the motion for directed verdict for the defendants, and in holding that the judgment rendered in Craig county litigated every right the plaintiff, Reisinger, herein, had in and to the property covered by the mortgage.

The judgment of the trial court as against the plaintiff in error E. E. Reisinger is reversed.

The judgment of the trial court as against the British American Petroleum Company is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY JJ., concur. RILEY, J., absent.