## MONDIE v. GENERAL MOTORS ACCEPTANCE CORPORATION.

No. 25640. Nov. 10, 1936.

Rehearing Denied Dec. 22, 1936.

Motion for Leave to File Second Petition for Rehearing Denied Jan. 5, 1937.

Stuart, Bell & Ledbetter, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

PER CURIAM. In July, 1930, Norton-Johnson Buick Company sold a Buick automobile to the plaintiff in error, John C. Mondie, and the parties entered into a written contract reciting that the price of the car was $2,085.90, $665.90 to be paid upon delivery of the car, and the balance, $1,435 to be paid in installments of $80 per month, installments after maturity to draw interest "at the highest lawful contract rate."

The contract provided that title to the car should not pass to the purchaser until the amount was paid in full in cash, and provided further that in case of default on any payment due on the contract the full amount should, at the election of the seller, become immediately due and payable.

This contract was assigned to the defendant in error. The plaintiff in error paid a number of the installments, but failed to keep up his payments, and some of the installments became delinquent.

The defendant in error filed suit for the possession of the car and made the ordinary replevin affidavit and bond, and the sheriff took possession of the car; whereupon the plaintiff in error gave a redelivery bond. The plaintiff in error filed an answer denying the allegations of the petition, but admitted the execution of the contracts. He alleged that the purchase price of the car was $1,905, but that Norton-Johnson Buick Company exacted from him a contract which added $180 to the price of the car, $30.30 for insurance, and $149.50 an interest charge, and that this interest and other usurious in-terest charges amounted to $187.33, and that this was a scheme and device on the part of the Norton-Johnson Buick Company and the defendant in error to charge interest at more than the rate of 10 per cent. per annum.

Plaintiff in error further answered by way of cross-petition, alleging that defendant in error had demanded and exacted from him the sum of $187.33 usurious interest, and that he was entitled to recover of the defendant in error twice said sum, or $274.66, and an attorney's fee of $100, and that instead of his being indebted to the defendant in error, the defendant in error was indebted to him in the sum of $374.66, less the sum of $154.97, leaving a balance of $219.69 as attorney's fees, and he prayed judgment for this amount.

The case was tried to a jury and the jury returned a verdict for the plaintiff.

Plaintiff in error filed a motion for new trial. The court overruled the motion for new trial and rendered judgment in favor of the defendant in error for the return of the car, or if same could not be had, then for the sum of $450 and the costs of the action.

Plaintiff in error has filed a petition in error in this court setting up 20 assignments of error. Most of the assignments of error are based on the alleged errors of the court, either in giving instructions in regard to usury or refusing to give instructions requested by the plaintiff in error in regard to usury.

The provision of the written contract between Mondie and Norton-Johnson Buick Company shows that the sale was a conditional sale and the title should not pass until the car was fully paid for, and further shows that this was a time sale and not a sale for cash.

The plaintiff in error, in his testimony, testified that they told him that the price of the car was $1,795, and that the extra wheels and fender wells were $110.90; that was the cash price of the car. The contract he signed was the time price.

This court, in the case of Pierce v. C. I. T. Corporation, recently decided and reported in 170 Okla. 633, 41 P. (2d) 481, says:

"To prove usury in a transaction, the evidence must be clear and cogent. Usury is never presumed. A party in pleading usury assumes the burden of proving that there was a loan of money and that the contract for a loan was for a greater than the legal rate of interest."

The court further says:

"The Western Motor Company owned an automobile. It wanted to sell the automobile and Long wanted to purchase it. These parties agreed upon a purchase price. The transaction was a sale of merchandise. The owner of the automobile had a right to sell it, and Long had a right to purchase it. They had a right to agree upon a price. Having agreed upon the price and consummated the sale, it was a closed transaction, of which neither they nor any one else have a right to complain. The price may have been too low or too high, but that makes no difference. The question of usury does not enter into the transaction."

The court permitted the defendant to introduce evidence to support his contention that usury was charged, and submitted this question to the jury under instructions more favorable than he was entitled to. The jury found against him and this eliminated the question of usury from the case.

Plaintiff in error earnestly contends that the court erred in giving the jury the following instructions:

"I am going to instruct you that the evidence discloses a balance due upon this contract, except for the plea of usury; and if you reject the claim of usury you will find a verdict for the plaintiff; or, if you find there was usury in the transaction, charged or collected, but such usury when doubled—you understand that if it is more than 10 per cent. you will double the whole amount charged, the whole interest charged, not the excess of 10 per cent.—now, if when the whole amount is doubled, it does not equal or exceed the amount that was due on the contract otherwise, you will still have to find for the plaintiff.

"But. on the other hand, if you find that there was usurious interest. and if when doubled in amount the entire interest exceeds or equals the amount due upon the contract otherwise, then you will find for the defendant.

"This is a replevin action and the intermediate amounts are not to be determined by the jury, and it will have no effect on your verdict, except, if there was usury, the amount of usury, except in the case it equals or exceeds the amount due upon the contract otherwise."

He also contends that the court erred in not instructing the jury to find the amount due under the conditional sales contract.

The contract involved is a conditional sales contract and not a mortgage, and this court has long followed the rule that where the seller seeks to retake possession of property sold under a conditional sales contract, this rescinds the contract and he has no lien. The court says:

"Our own court has at no time held that a contract of conditonal sale, similar to the contract involved in the case at bar, as a matter of law creates the right in the seller to an equitable lien. On the other hand, it has held that such contracts are not chattel mortgages, and that those contracts are what their terms so clearly declare them to be, sales upon condition, subject to be rescinded upon the election of the seller to retake the property upon a breach of the condition by the buyer." National Cash Register v. Stockyards Cash Market, 100 Okla. 150, 228 P. 778.

This court, in the case of Security National Bank v. Truscon Steel Co., 92 Okla. 81, 218 P. 665, said:

"It is settled law that there is a real distinction between a conditional sale and an absolute sale with a mortgage back, in that under the former the vendor remains the owner, subject to the vendee's right to acquire the title by complying with the stipulated conditions; while under the latter the vendee immediately becomes the owner, subject to the lien created by the mortgage. Bailey v. Baker Ice Mach. Co., 239 U. S. 271, 36 Sup. Ct. 50, 60 L. Ed. 275."

This court, in the recent case of Haubelt v. Bryan & Doyle, 171 Okla. 338, 43 P. (2d) 68, had before it a contract apparently in all substantial particulars identical to the contract involved in this case. The court in that case held:

"It is settled law in this jurisdiction that the security retained by the vendor in a conditional sale agreement is not a lien but a reservation of title in the vendor with the right to pursue the property in specie. An equitable lien foreclosable in equity does not arise in favor of the vendor under a reservation of title in an executory sale of chattels on condition, where it is obvious from the terms of the contract that the vendee acquires no title or right of ownership until the chattels are fully paid for. The title is reserved in the seller with the right, at his election, to retake possession of the chattels upon a breach by the vendee of the terms and conditions of payment; especially is this true where the contract provides that the buyer shall acquire no interest or title or equity therein by virtue of the payment of a part of the purchase price. National Cash Register Co. v. Stockyards Cash Market, 100 Okla. 150, 228 P. 778.

"A vendor under a conditional sale agreement, upon default of the vendee in the terms of payment, has two remedies: First, he may treat the sale as absolute and maintain an action for the purchase price; or, second, he may rescind the contract and recover

possession of the chattels. He cannot do both. He must elect which remedy he intends to pursue and having done so no other remedy is open to him. Where an election is made it is final and irrevocable, irrespective of intent."

In this case plaintiff in error gave a re-delivery bond and obtained possession of the automobile and seriously contends that under the authority of Graves v. Mayberry, 137 Okla. 218, 278 P. 1111, the court should have instructed the jury to find the amount still due on the conditional sales contract and to have instructed the jury that if they found for the plaintiff to have rendered a judgment for the return of the car or only for the amount still due on the car.

This court in the Graves Case held that a replevin action was sufficiently flexible to authorize a settlement of all the equities between the parties growing out of the main controversy. That suit involved the rights under a chattel mortgage and the case before us involves the rights of the parties under a conditional sales contract.

This court in a number of cases has held that there is a distinction between a chattel mortgage and a conditional sales contract. Under the cases cited above, when there is a breach of a conditional sales contract, the seller has no lien on the property, but is the owner of it and entitled to recover it, and we think the trial court committed no error in the instruction given.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry Campbell and John B. Meserve in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Campbell and approved by Mr. Meserve, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.