STANDARD LOAN CO. et al. v.
RUBRECHT et al.

No. 29841. May 20, 1941.

*113 P. 2d 598.*

Hughey Baker (Leslie W. Lisle, of counsel), both of Tulsa, for plaintiffs in error.

J. M. Hill, of Tulsa, Dave O. Fretz, of Houston, Tex., and Robert B. Thomas, of Tulsa, for defendants in error.

GIBSON, J. This is an action to recover double the amount of alleged usurious interest paid in a series of loan transactions (sec. 9519, O. S. 1931, 15 Okla. Stat. Ann. § 267). Defendants stood on their demurrer to plaintiffs' evidence after the same was overruled, and plaintiffs' motion for directed verdict was sustained and judgment rendered accordingly.

Defendants say the plaintiffs failed to sustain the burden placed upon them to prove actual payment of usurious interest and the amount thereof, and that the court therefore erred in overruling the demurrer and in directing verdict as aforesaid. Ruby v. Warrior, 71 Okla. 82, 175 P. 355; Elson v. Walker, 80 Okla. 237, 195 P. 899; Midland Savings & Loan Co. v. Gast Heights Development Co., 81 Okla. 172, 197 P. 484; Mondie v. General Motors Acceptance Corporation, 178 Okla. 584, 63 P. 2d 708; Davis v. Holland, 179 Okla. 621, 67 P. 2d 449.

The undisputed evidence shows that the plaintiffs borrowed money from defendants on five different occasions over a period of approximately six months. The first loan was for $10, to be paid, principal and interest, in weekly installments. Then followed a series of renewal loans whereby the balance on the preceding loan was discharged, and the plaintiffs received additional cash. Throughout the course of the transaction the plaintiffs paid to defendants interest in excess of the legal contract rate of 10% per annum (sec. 9518, O. S. 1931, 15 Okla. Stat. Ann. § 266). The trial court calculated the amount of interest paid according to the theory advanced by plaintiffs, and rendered judgment for double the amount as authorized by section 9519, supra.

Defendants make no specific objection to the method adopted in reaching the amount of interest paid, except their assertion that each loan was a separate transaction, and that the aggregate amount of said loans was $65, and that the plaintiffs had repaid the sum of $66.50, which was not usurious.

But defendants' theory is not supported by the law or the evidence. Negotiations of this character constitute but one transaction or extension or renewal of the original loan. Standard Credit Co. v. Lauderbaugh, 169 Okla. 266, 36 P. 2d 949. The aggregate amount of the face of the loan and renewals was $65, and plaintiffs may have repaid $66.50, but such repayments were in the form of renewal loans and cash; and plaintiffs never, at any time, except at the inception of the transaction, received the full amount of the face of the loans in cash. They paid out a sum in excess of that received, and the excess was more than 10% interest per annum on the amount received and all

legal charges. In view of the undisputed evidence, the trial court correctly rendered judgment for plaintiffs as aforesaid.

The judgment is affirmed.

CORN, V. C. J., and RILEY, OSBORN, and ARNOLD, JJ., concur.