HITE v. UNITED STATES (two cases).
Nos. 3648, 3649.

Circuit Court of Appeals, Tenth Circuit.
June 30, 1948.

974

Rutherford H. Brett of Oklahoma City, Okl., for appellants.

Haskell B. Pugh, Asst. U. S. Atty., of Oklahoma City, Okl. (Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., on the brief), for the United States.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

The Hites, having waived prosecution by indictment and having consented to be proceeded against by information, were charged with transporting a 1946 Cadillac sedan from Oklahoma City, in the State of Oklahoma, to Chicago, in the State of Illinois, knowing that such motor vehicle had been stolen, in violation of 18 U.S.C.A. § 408. They were convicted and sentenced and have appealed.

Ruth Hite is the mother of Ralph Hite. On November 11, 1946, Ralph Hite, using the alias, John A. Holt, purchased a 1946 Buick sedan in San Antonio, Texas. He gave back a mortgage on the Buick sedan to secure an unpaid balance of $1,662. On December 28, 1946, in Oklahoma City, the Hites, representing themselves to be mother-in-law and son-in-law, respectively, and using the aliases of Mrs. John Carr and Amos Deavers, purchased a Cadillac sedan from Seth Stone, an automobile dealer in Oklahoma City. They transferred the Buick sedan to Stone in part payment of the Cadillac sedan and Ruth Hite executed and delivered to Stone a note for $2,000, the balance of the purchase price thereof, secured by a mortgage on the Cadillac sedan. Ruth Hite represented to Stone that she owned a tourist court in Topeka, Kansas, and had money on deposit in a bank in Topeka, and displayed a bank book evidencing a deposit to her credit of several thousand dollars in such bank. On April 29, 1947, in Chicago, the Hites, representing themselves as Mrs. Margaret Holt and son, exchanged the Cadillac sedan for another automobile.

18 U.S.C.A. § 408, provides: "Whoever shall transport or cause to be transported in interstate or foreign commerce a motor vehicle * * *, knowing the same to have been stolen, shall be punished * * *."

The precise question presented on this appeal is whether the Cadillac sedan was a stolen motor vehicle at the time the Hites transported it from Oklahoma City to Chicago. The National Motor Vehicle Theft Act does not define the term "stolen" used therein. When a Federal criminal statute uses a term known to the common law and does not define that term, the courts will apply the common-law meaning of the term, unless the context indicates a contrary intent on the part of Congress.[1]

---

[1] United States v. Palmer, 3 Wheat 610, 634, 16 U.S. 610, 634, 4 L.Ed. 471; United States v. Smith, 5 Wheat 153, 159, 18 U.S. 153, 159, 5 L.Ed. 57; United States v. Patton, 3 Cir., 120 F.2d 73, 75; United States v. Brandenburg, 3 Cir., 144 F.2d 656, 659, 154 A.L.R. 1160. Cf. United States v. Stone, C.C.Tenn., 8 F. 232, 249.

In the absence of a plain indication to the contrary, it will not be assumed that Congress, in enacting a Federal penal statute, intended to make its application dependent on state laws.[2]

We conclude, therefore, that we must look to the common law to ascertain the meaning of the word "stolen."

The word "steal" in a criminal statute ordinarily imports the common-law offense of larceny.[3]

The evidence warranted a finding that the Hites secured possession of the Cadillac sedan from Stone through fraudulent misrepresentations, but the evidence clearly established that Stone voluntarily parted with both title and possession of the automobile, not expecting it to be returned to him or disposed of in accordance with his directions.

The fact that Ruth Hite gave back a mortgage on the automobile does not negative that conclusion. It is well settled in Oklahoma that a mortgage merely creates a lien on the mortgaged property and that title thereto remains in the mortgagor and he is entitled to the possession thereof.[4]

In Loney v. United States, 10 Cir., 151 F.2d 1, 4, we said:

"One of the essential elements of larceny is that the taking be by trespass, that is, without the consent of the owner.

"Where a person intending to steal another's personal property obtains possession of it, although by or with the consent of the owner, by means of fraud or through a fraudulent trick or device, and feloniously converts it pursuant to such intent, the owner will be regarded as having retained constructive possession. Hence, in such cases the conversion constitutes a trespass.

"The foregoing rule is not applicable where the owner, although induced by fraud, intends to and does part voluntarily with his title to the property, as well as his possession thereof, not expecting the property to be returned to him or to be disposed of in accordance with his directions."

To the same effect, see United States v. Patton, 3 Cir., 120 F.2d 73, and the authorities therein cited.

Hence, we conclude that the Cadillac sedan was not a stolen automobile within the meaning of § 408, supra.[5]

The judgments are reversed and the causes remanded with instructions to dismiss the information.

---

It is significant that Congress, in defining offense of receiving stolen property of the United States, manifested its intention to give a broader meaning to the phrase "stolen property," by employing the words "embezzled, stolen, or purloin." 18 U.S.C.A. § 101.

Likewise, see 18 U.S.C.A. § 488.

[2] Jerome v. United States, 318 U.S. 101, 104, 63 S.Ct. 483, 87 L.Ed. 640.

[3] State v. Frost, Mo.Sup., 289 S.W. 895, 897; State v. Uhler, 32 N.D. 483, 156 N.W. 220, 226; Gardner v. State, 55 N.J.L. 17, 26 A. 30, 33; State v. Richmond, 228 Mo. 362, 128 S.W. 744, 745.

See, also, State v. Tough, 12 N.D. 425, 96 N.W. 1025, 1028; State v. Gugel, 65 N.D. 587, 260 N.W. 581; Satterfield v. Commonwealth, 105 Va. 867, 52 S.E. 979.

[4] Mondie v. General Motors Acceptance Corp., 178 Okl. 584, 63 P.2d 708, 710, 711; Malone v. Darr, 178 Okl. 443, 62 P.2d 1254, 1256; Reisinger v. Van Huss, 156 Okl. 8, 9 P.2d 724, 727; 42 O.S.1941 § 10.

[5] Cf. Stewart v. United States, 8 Cir., 151 F.2d 386, 388.