BENEFICIAL FINANCE CO. OF TULSA,
K. E. Dailey and John Harley,
Plaintiffs in Error,

v.

Pearl WIENER, Defendant in Error.

No. 39973.

Supreme Court of Oklahoma.

May 11, 1965.

Rehearing Denied July 20, 1965.

692

Conner, Winters, Randolph & Ballaine, Tulsa, for plaintiffs in error.

Thomas E. Landrum, Jr., and James E. Poe, Tulsa, for defendant in error.

BERRY, Justice.

Plaintiff, Pearl Wiener, brought this action to recover actual and punitive damages resulting from wrongful conversion of household goods and other personal property.

Defendants, Beneficial Finance Co., K. E. Dailey and John Harley, denied occurrence of conversion but alleged plaintiff's joint execution of a note for $300.00 secured by a chattel mortgage upon furniture, default upon the balance ($183.29) of the obligation, and defendants' taking possession of the property with plaintiff's acquiescence and consent. Further, defendants, acting by and through their attorney, filed replevin action in the justice of the peace court and had summons served upon plaintiff; judgment for possession was entered in defendants' favor and possession thereafter was assumed under authority of the justice court acting by the constable of such court. Defendants further pleaded res judicata and estoppel against plaintiff, based upon the judgment of the justice of the peace court. By cross-petition defendants realleged the loan of money and execution of the chattel mortgage, and that possession of the property was assumed with the plaintiff's acquiescence and consent.

Plaintiff denied defendants took legal action in the justice of the peace court and alleged such purported action was void and without jurisdiction; that such action by the justice of the peace court, or anyone acting under him, was without legal effect

and the constable's acts were without authority and constituted conversion as a matter of law. Plaintiff denied acquiescing or consenting to taking of her property, but alleged possession was secured by actions amounting to intimidation; and denied the market value of her property was the proper measure of damages. In answer to the cross-petition plaintiff admitted the loan of money secured by the chattel mortgage, but alleged her property had been taken by intimidation and force, or by constructive force, which constituted conversion.

The evidence disclosed plaintiff and another borrowed $300.00 from Beneficial, executing a note therefor secured by a chattel mortgage upon household goods as security for payment. The monthly payments were in default and, the usual collection efforts having been unavailing, defendants' agent and employee filed replevin action in a justice of the peace court outside the city limits of Tulsa, Oklahoma. Neither a bill of particulars nor the statutory non-usury affidavit were filed in such action. The replevin summons enumerated far less goods than were removed from plaintiff's home. Replevin summons was served on plaintiff on September 27, 1960, but the constable permitted plaintiff to remain in possession of the property. Plaintiff did not appear in the justice of the peace court, and on October 6, 1960, a judgment was entered granting Beneficial possession. Defendant's employee, Harley, notarized a notice of sale of the property and caused same to be posted. This notice claimed costs and a $25.00 attorney fee to be due.

Plaintiff testified that the defendant Harley came to her home on October 13th to take the furniture, but plaintiff asked additional time to secure the money and her goods were not taken. The constable testified he went to plaintiff's home on that date, while Harley testified he did not go to plaintiff's home but rather that she came to defendants' office. Thereafter arrangements were made for the furniture to be taken the following day, October 14, 1960. Harley testified he arrived at the home and talked with plaintiff until arrival of the constable, who talked with plaintiff inside the house. The constable testified he advised plaintiff it was his duty to act upon the summons and plaintiff stated she understood and made no protest. The constable then went outside and advised Harley the plaintiff understood and was not going to object. The constable left and defendant's agents and employees entered the house and moved plaintiff's goods.

The evidence concerning what occurred inside plaintiff's home is extremely conflicting. Plaintiff, a widow 72 years of age, testified extensively in enumerating the various items and condition of household goods, a value of $2,584.00 being placed thereon; that she would not have let the furniture be taken except for the constable's presence; when the constable left, Harley and the others came in and started taking out the furniture. By plaintiff's testimony she was ill and in bed when the furniture was being moved; the polished furniture was marred by being dragged across the floors, everything being moved out through the front door; contents of the icebox were set on the floor and the linens were dumped onto the floor; small articles in the dresser drawers were put on a sheet and all mixed together, books from the bookcases were emptied onto the floor; plaintiff had four mattresses, but her request that one be left for her to sleep upon was refused.

One witness, a neighbor who later looked in on plaintiff, found her ill but lying on quilts on the floor, the house in a mess, clothing, dishes and books dumped together in piles on the floor. The witness moved plaintiff to her own home and cared for her a few days before a sister came and moved plaintiff to her home in another city; this witness and another lady thereafter worked evenings and weekends for some time trying to sort plaintiff's things and clean the premises. This testimony was corroborated by another witness who came to the house, observed the conditions, and assisted briefly in trying to remedy the disarray. There was other testimony concerning the

various items of household goods, and also corroborating that silverware and other items were taken but not listed.

Testimony of Beneficial's employee, Harley, and the movers employed to handle the furniture, conflicted with plaintiff's evidence in every particular, particularly being directed to showing that possession of the furniture was taken in a reasonable and courteous manner. Upon taking possession of the goods same were advertised for sale, but after this action was brought, the property was placed in storage. Testimony by a dealer in used furniture fixed the value of plaintiff's household goods at only $200.00, although admittedly no value was placed upon many items because of age or condition.

Following the giving of instructions the jury returned a verdict in plaintiff's favor for actual damages of $2,000.00, and $1,500.-00 exemplary damages. Motion for new trial was overruled and defendants brought this appeal from the judgment rendered.

The four propositions urged as grounds for reversal of this judgment, all primarily involve the trial court's instructions, and are stated as follows:

"I. The Court's instructions were fundamentally erroneous.

"II. A Mortgagee, after default, may take possession of the mortgaged property without process, so long as he acts in an orderly manner and does not use force, threats, fraud or intimidation.

"III. A Mortgagee who in good faith, after Mortgagor's default, obtains possession of the mortgaged property under process believed by him to be valid, is not guilty of conversion even though the process is later shown to be void.

"IV. If the Court's instructions were correct competent evidence was improperly excluded."

■ Proposition III, above quoted, acknowledges the principle that a mortgagee

cannot resort to force, threats or intimidation to secure possession of mortgaged property, even though the terms of the contract entitle him to possession after default. However, defendants assert that suit was filed and judgment for possession obtained, which in good faith was believed valid, and so no legal grounds exist for holding the mortgagee guilty of conversion for technical reasons where the mortgaged property is surrendered peacefully.

■ The argument and supporting authority, involves cases and text law relative to conditional sales. Because the matter is to be disposed of upon other grounds, we deem it unnecessary to consider this feature of the case at length, although it is noteworthy that authorities cited by defendants involve decisional law from jurisdictions which adopt the "title" theory of mortgages as opposed to the "lien" theory which applies in this jurisdiction.

■ However, it is germane to the issue to point out that the replevin writ issued by the justice of the peace court was void because: (1) failure to file the statutory, non-usury affidavit was a jurisdictional defect (15 O.S.1961, § 271); (2) the justice of the peace court involved was outside the city limits of the City of Tulsa, which comprises a separate district under 39 O.S.1961, § 81. These were not "technical" defects but jurisdictional requirements, which made the entire proceedings a nullity and conferred no rights upon defendants. Although not involved herein, the circumstances justify mention being made that an attempt to exert property rights under void proceedings involves the issue of abuse of process, for which those involved may be liable. 1 Am. Jur. (2) Abuse of Process, Secs. 1 et seq.; Kool v. Lee, Utah, 43 Utah 394, 134 P. 906; Tranchina et al. v. Arcinas et al., Calif., 178 P.2d 65; Little v. Sowers, 167 Kan. 72, 204 P.2d 605; 80 A.L.R. 583.

■ In Spencer v. Arnold, 152 Okl. 189, 4 P.2d 55, this Court recognized and applied such principle in affirming a judgment for actual and exemplary damages under void process, and holding that dispossession of

plaintiff under such process was highly oppressive and evidenced such reckless disregard of plaintiff's rights as to justify a conclusion of actual malice. See Zufall v. Peyton, 26 Okl. 808, 110 P. 773; Larcade et al. v. Culbert et al., Okl., 326 P.2d 1040, that void a judgment confers no rights.

The principal contention urged on appeal is that the trial court's Instructions Nos. 5 and 7 were fundamentally erroneous. These instructions, set forth below, advised the jury to judge the issues upon this basis:

"You are instructed that as a matter of law the replevin writ served upon the plaintiff was void and of no force and effect as a legal process for obtaining possession of the mortgaged household furniture.

"Therefore, if you find that the defendants obtained possession of the mortgaged household furniture by virtue of a void legal process, you are instructed that the defendants have committed conversion as a matter of law, and you should return a verdict in favor of the plaintiff and fix such damages as you feel she is entitled to under the evidence. * * *"

"You are instructed that the defendant Beneficial Finance Company of Tulsa held a mortgage on the household furniture of the plaintiff, the validity of such mortgage not being in issue, and that there was a breach in the terms of said mortgage by the plaintiff, entitling the defendant Beneficial Finance Company to possession of the household furniture under the terms of the mortgage.

"You are instructed that if you find that the defendants obtained possession of the household furniture by asserting their rights under the mortgage rather than under the void legal process, and that the taking was in a peaceful and orderly manner, with the *acquescence* of the plaintiff, then your verdict should be for the defendants. Plaintiff excepts. * * *"

Defendants insist the instructions told the jury that whether a conversion occurred depended upon defendants' state of mind when the property was taken. Hence, if taken under the void process the taking was tortious regardless of good faith, plaintiff's consent to the taking, or that the taking was accomplished in an orderly manner. But by Instruction No. 7 the jury was advised if the defendants asserted right to possession under terms of their mortgage then such taking did not amount to conversion.

■ The real basis of defendants' argument is that, although right to possession initially was asserted under the void writ, nevertheless the mortgage contract gave the right to take possession without process so long as accomplished in an orderly manner and without use of force, fraud, threats or intimidation. The principal authority for such position is found in Malone v. Darr, 178 Okl. 443, 62 P.2d 1254, wherein earlier decisions upon the question are discussed. While the holding in Darr, supra, appears to support defendants' argument, the conclusion reached recognizes two elements: (1) a mortgage provision entitling the mortgagee to take possession of the mortgaged property in event of default may be enforced as any contractual right without demand for performance or consent of the mortgagor, so long as the taking is accomplished in an orderly manner without creating a breach of the peace, or resorting to force, fraud or stealth; (2) whether a mortgagee's taking possession of the mortgaged chattel amounted to conversion must be determined from the facts and circumstances of the particular case.

Although only mentioned generally in the Darr case, other early decisions have stated an additional, requisite element which must be present when possession is sought to be taken without proper process. This is the requirement that a taking of possession cannot be accomplished by oppressive conduct or intimidation.

In the early case of Ray et al. v. Navarre et al., 47 Okl. 438, 147 P. 1019, it was held that a mortgagee who went upon

the mortgagor's premises, accompanied by an officer who had no legal process but claimed to act under color of his office (colore officii), and took possession of property under pretense of authority, was guilty of such vexations and oppressive conduct as would support a verdict for damages in an action for conversion.

In Firebaugh v. Gunther, 106 Okl. 131, 233 P. 460, the presence of a deputy sheriff who went upon the mortgagor's premises and demanded possession of mortgaged property although without process of any kind, was held to constitute intimidation amounting to force, and the taking under such circumstances constituted conversion. Syllabus 1 of that case states:

> "The only restrictions upon the mode by which the mortgagee secures possession of the mortgaged property, after breach of condition, are that he must act in an orderly manner and without creating a breach of the peace, and must not intimidate by securing the aid of an officer, who pretends to act colore officii."

The Court's holding was placed squarely upon the authority of the earlier cases of Ray v. Navarre, supra, and Waggoner v. Koon, 67 Okl. 25, 168 P. 217.

Defendants insist the rule can apply only in cases where the officer pretended to act under color or authority of his office, and cannot apply in the present case where the officer acted by virtue of his office, although the process later is determined to be void for technical reasons. We note again that the process herein was wholly void for jurisdictional defects and not for technical defects as claimed by defendants. Being void, no rights accrued to defendants thereunder. The argument is unsound for a further reason. The constable acted upon the void process on two separate occasions. The replevin writ was served on plaintiff on September 27, 1960, the date issued. On October 13, 1960, the constable again returned to plaintiff's premises but did not take possession of the furniture. By the testimony of defendant Harley, arrangements already had been made for the constable to be at the premises on October 14, and the agent waited a half block from plaintiff's house " * * * waiting for the constable and the men to get there." The constable entered plaintiff's house and advised her the furniture had to be taken.

■ With these facts in mind the conclusion is inescapable—either defendants acted under void process which conferred no rights and provided no justification for the acts, or they acted by and through the constable who was procured and came upon the scene at defendants' behest. By securing aid of the constable who pretended to act under his authority, a question was presented for the jury to determine whether plaintiff was intimidated, and for such reason let defendants remove her furniture.

■ Defendants' argument that no issue was presented to the jury as to whether defendants acted in good faith in procuring the writ, or whether plaintiff was intimidated by the process is without merit. Good faith in procuring such void process was not an element for consideration. The acts consummated thereunder were a nullity and the process afforded no protection to defendants seeking enforcement. Respecting the element of intimidation, the jury properly was instructed that exemplary damages were allowable if defendants had been guilty of fraud, malice or oppression actuated by evil intent, bad faith or circumstances of aggravation, or that such acts resulted from gross negligence or disregard of plaintiff's rights. The evidence relating to whether defendants acted in bad faith, or in disregard of plaintiff's rights in the purported replevin action need not be summarized.

■ The contention that giving of the two quoted instructions constituted fundamental error must be measured by the principles discussed above. Conversion has been defined innumerable times as being without consent of the owner. Aylesbury Mercantile Co. v. Fitch, 22 Okl. 475, 99 P. 1089, 23 L.R.A. (N.S.) 573; Portable

Pipe Service Co. v. Graham, Okl., 389 P. 2d 985. In Murrell v. Griswold, Okl., 338 P.2d 150, Syllabus 1 states:

"A mere illegal taking or wrongful assuming of right to personal property constitutes 'conversion' and no further step is necessary to perfect right of action therefor."

■ The questioned instructions properly stated the law by telling the jury the taking constituted a conversion if accomplished by virtue of void process, since such taking necessarily established an unlawful act of dominion exercised over plaintiff's property. Had possession been taken under valid process, consent of the mortgagor was unnecessary so long as accomplished in an orderly and peaceable manner and without force, stealth or fraud. Thus the instruction was not required to cover matters relative to consent, and the manner in which possession was asserted.

■ Instruction No. 7 complemented and explained the prior instructions by telling the jury they were at liberty to find that defendants asserted their rights under the existing, valid mortgage and that if such taking of possession were in a peaceful and orderly manner and with plaintiff's consent defendants were not liable for conversion. Consideration of these two instructions reflects that they are compatible and fairly disclose the basis upon which the jury was to weigh the evidence. It is axiomatic that no particular instruction must embody all the applicable law. If instructions, considered as a whole, fairly present the law applicable to issues raised by the pleadings and as to which competent evidence has been introduced, they are sufficient.

■ Whether defendants were guilty of conversion in taking possession of plaintiff's furniture and household goods was a question of fact to be determined by the jury. The evidence was conflicting in every respect other than that the process involved was void. By the verdict rendered, the jury found the issues in plaintiff's favor under proper instructions.

Judgment affirmed.

JACKSON, V. C. J., and WILLIAMS, IRWIN and HODGES, JJ., concur.

HALLEY, C. J., and DAVISON and BLACKBIRD, JJ., dissent.