## LEWIS v. VALLEY FINANCE CORPORATION. (No. 8204.)

Court of Civil Appeals of Texas. San Antonio. April 24, 1929.

Rehearing Denied May 22, 1929.

Lewis & Lewis, of Harlingen, for appellant.

Homer R. Maxwell, of Harlingen, for appellee.

SMITH, J. Appellant, A. L. Lewis, purchased an automobile from the Southtex Motor Company at a price of approximately $900, upon terms of part cash and the balance in installments, which were secured by a chattel mortgage in which the mortgagee was given the power to mature all unpaid installments in event the mortgagor defaulted in the payment of any installment, and to seize and sell the car in such event. The mortgage embraced a provision that "this mortgage shall apply to and bind not only the mortgagor and mortgagee, but also shall apply to and bind the heirs, executors, administrators, successors and assigns of said mortgagor and mortgagee respectively." In due course the mortgagee assigned the debt and mortgage to the Valley Finance Corporation, appellee herein, a corporation, and subsequently, when appellant defaulted in the payment of an installment, appellee elected to mature the whole debt and seized and sold the car for an amount equal to the balance appellant owed upon the purchase price, to wit, $338. Appellant then brought this action against appellee for $900 actual, and $100 exemplary, damages. Upon a trial by the court without a jury, judgment was rendered that appellant recover nothing of appellee, and this appeal resulted.

It is first contended by appellant that under the terms of the mortgage the power of seizure and sale was lodged exclusively in the named mortgagee, and did not pass by assignment to its assignee, and that the seizure and sale by appellee was unlawful.

It is true that when the power of sale is given in a mortgage, deed of trust, or pledge, to a designated person, that power may not be delegated to another unless it is so provided in the instrument, either expressly or by plain implication. But in this case it was expressly provided in the mortgage that the corporate mortgagee and its agents, servants, and employees should have and exercise the power to seize and sell the mortgaged property, and that the mortgage should "apply to and bind" alike the assigns of both mortgagor and mortgagee. We conclude that the implication necessarily arises from this provision, when construed with the remaining provisions of the instrument, that the assignee of the mortgagee succeeded to all the rights and privileges granted the original mortgagee, and authorized its agents, servants, and employees to seize and sell the mortgaged property in accordance with the provisions of the mortgage. It is not as if the parties had agreed upon and designated some named individual to act as trustee for the purpose of making the seizure and sale, in which case neither party would have been authorized to name a substitute without express authority from the language of the mortgage, as in the cases relied upon by appellant here. For here the power was by express terms lodged generally in the agents of the mortgagee, and by further express language the provisions of the instrument were extended to "apply" to the mortgagee's assigns, whose agents were thus given the same powers granted in the instrument to the agents of the original mortgagee.

When appellee seized the automobile, as provided in the mortgage, it developed that it contained a brief case and valuable papers inclosed therein belonging to appellant, which were restored to him intact and without delay or injury to him. Appellant now complains that this circumstance tainted the whole transaction of the seizure and sale of the car with illegality and resulting damage to him. We conclude, however, that as this incident was without malice or willfulness on the part of appellee, and resulted in no injury to appellant, it did not invalidate the proceeding or entitle appellant to damages, even though it may have constituted a technical trespass.

Appellant also complains that appellee, as a trustee, did not faithfully perform its duty to secure the best price obtainable for the mortgaged property at the forced sale. The court found against appellant upon this issue, however, and we cannot say from the record that this finding was unwarranted from the evidence. It is therefore binding upon this court.

The judgment must be affirmed.