## LEEDY v. GENERAL MOTORS ACCEPTANCE CORP. et al.

No. 23461. Sept. 10, 1935.

J. W. Burrow and C. B. Leedy, for plaintiff in error.

Perry J. Morris and Simpson, Dorenfield, Foster & Fullingim, for defendants in error.

RILEY, J. Plaintiff in error, General Motors Acceptance Corporation of Amarillo, Tex., held by purchase and assignment an instrument styled a "Conditional Sale Contract." It had been executed by plaintiff in error, Charles B. Leedy, purchaser of a Pontiac automobile, and delivered to Roy Schallenbarger, an automobile dealer of Shattuck, Okla. The instrument possessed many features of a chattel mortgage and it covered by its terms the automobile purchased and delivered to Leedy. The purpose of the instrument was to secure the deferred payments on the purchase price of the automobile, and amongst other things the "contract" contained provisions that:

"* * * If the purchaser default in complying with the terms hereof * * * the seller * * * may take immediate possession of said property without demand. * * *"

And:

"* * * The assignee shall be entitled to all rights of the seller."

The assignee found the purchaser in default of deferred payments provided in the "contract" and due August 15, September 15, and October 15, 1930. Default was disputed by Leedy, who sought to set off against the amount due, an account against the General Motors Acceptance Corporation of Amarillo, Tex., assigned to Leedy.

On November 8, 1930, the General Motors Acceptance Corporation, acting by and through its agent, W. J. Harmel, took possession of the automobile. According to the testimony, Leedy, in October, had warned Harmel not to take possession of the automobile except by legal process; nevertheless, and thereafter when Leedy had loaned the automobile to his sister and while she had left it unlocked and unoccupied upon the streets of Shattuck, Harmel took charge and transported the car to Amarillo, Tex. Later the automobile was returned and stored by defendants in error with Roy Schallenbarger. Thereupon Leedy instituted this action for replevin and conversion. The automobile was taken under a writ of replevin, but possession was restored to defendants in error under the terms of a redelivery bond. At the trial of the cause, when plaintiff rested his case, a demurrer was interposed to the evidence, an instructed verdict was returned, and judgment was rendered for defendants.

The principal assignment of error is that the uncontroverted and admitted evidence proved a conversion of plaintiff's property by defendants, and the judgment of the court is contrary to law.

Many features of the "contract" are harsh, contrary to public policy, void and unenforceable, but the provision authorizing vendor or his assignee to take possession upon conditions broken, of property conditionally

446

sold, is not one of these. Singer Sewing Mach. Co. v. Rios (Tex.) 60 L. R. A. 143.

The law restricts the manner in which a mortgagee, or conditional vendor, or assignee, may secure possession of personal property mortgaged or conditionally sold after breach of conditions, provisions of the "contract" notwithstanding. Wilson Mtr. Co. v. Dunn et al., 129 Okla. 211, 264 P. 194, 57 A. L. R. 17.

"A man has no right to resort to robbery to collect his claims." Jones on Chattel Mortgages (4th Ed.) 705.

Briefly, these restrictions are that a mortgagee, vendor, or assignee, entitled to possession after conditions broken, must act in an orderly manner and without creating a breach of the peace, 11 C. J. 560; J. I. Case Threshing Mach. Co. v. Barney et al., 54 Okla. 686, 154 P. 674.

However, in the case at bar, it is not established that defendants in error, in securing possession of the automobile resorted to either force, threats, violence, or even stealth. First Nat. Bk. of Okarche v. Teat, 4 Okla. 454, 46 P. 474.

As a consequence it must be presumed that the assignee of this conditional sale contract acquired possession of the property described in the instrument under the terms, and conditions specified, and not in a manner contrary to law. Wagner et al. v. Koon, 67 Okla. 25, 168 P. 217; Lewis v. Valley Finance Corp. (Tex. Civ. App.) 17 S. W. (2d) 138; Annotations—Right of conditional seller to retake property without judicial aid. 55 A. L. R. 184.

Judgment affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.