## FIRST NAT. BANK & TRUST CO. OF MUSKOGEE v. WINTER.

No. 24200.    March 24, 1936.

Burke & Trice and Gotwals, Gibson, Killey & Gibson, for plaintiff in error.

Louie Gossett, for defendant in error.

BAYLESS, J. This is an appeal from the district court of Pushmataha county, Okla. the case having been appealed from a justice of the peace court to that court. The defendant in error, W. A. Winter, as plaintiff, instituted the action against the plaintiff in error, the First National Bank & Trust Company of Muskogee, as defendant. Each of the lower courts rendered judgment for Winter. The defendant makes two principal assignments of error, one of which goes to the jurisdiction of the district court. We need not notice it in the light of the view we take of the law applicable.

The facts which we are about to summarize are not disputed, the parties being in practical agreement thereon. One Mawdy owned the automobile, the subject of the litigation. He gave the defendant a chattel mortgage, the pertinent provisions of which read:

"That if default be made in the payment of any of said notes or the interest thereon, * * * or if the mortgagor shall sell or assign or attempt to sell or assign said goods and chattels or any part thereof or any interest therein; * * * then in any of the aforesaid cases all installments or said note shall, at the option of the mortgagee, without notice of said option to any one, become due and payable, anything in said note to the contrary notwithstanding; and the mortgagee shall thereupon have the right to take possession of said property, and for that purpose may pursue the same wherever it may be found, and may enter any of the premises of said mortgagor with or without force or process of law, and search for the same and if found, take possession. * * *

"That all of the terms and conditions of this mortgage shall apply to and be binding upon said mortgagor. and the personal representatives, successors and assigns of the mortgagor. * * *"

It is agreed that Mawdy sold to plaintiff without the knowledge or consent of defendant, and there was a default of payment of the amount of principal and interest due when defendant asked plaintiff for possession of the automobile and plaintiff refused to surrender it. That shortly thereafter an agent of defendant saw the automobile parked in the street in front of plaintiff's house, locked and with one tire flat, and thereupon said agent towed it away and stored it and retained possession of it until this action was filed.

Plaintiff had the keys with him, but was not present when the automobile was taken and knew nothing about such taking until a few hours later.

The main contention is that the facts being what they are, the judgment is contrary to law.

The rule of law applicable is, that the lienholder under chattel mortgage, or title holder under conditional sales contract, who becomes entitled to repossess for conditions of the contract broken, may take possession of the property provided he does not thereby use force or threats of violence against the person having possession or control, or does not breach the peace. 11 C. J. 560; 5 R. C. L. 462, sec. 98; J. I. Case Threshing Mach. Co. v. Barney, 54 Okla. 686, 154 P. 674, and Leedy v. G. M. A. C., 173 Okla. 445, 48 P. (2d) 1074. The case of Ben Cooper Motor Co. v. Amey, 143 Okla. 75, 287 P. 1017, adds an element "without the consent of the owner," but this seems to be without foundation in the light of our previous and subsequent decisions. Unless the consent of the owner is refused, the controversy could not arise. We use the term "without consent" to cover both instances of actual refusal of consent and a taking without asking consent where the subsequent actions of the owner imply that consent would not have been given.

The latest expression of this rule and application thereof by this court was in the case Leedy v. G. M. A. C., supra. In that case. as in the one before us, there was a demand for possession and refusal, followed by the finding of the automobile parked on the street and a taking thereof. We said that the taking in that case did not constitute a resort to "either force, threats, violence or even stealth." We can arrive at no different conclusion in this case.

Judgment reversed, and cause remanded.

McNEILL, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.