## GENERAL MOTORS ACCEPTANCE CORP. et al. v. VINCENT.

No. 28231.    Oct. 18, 1938.

548

Pierce, McClelland, Kneeland & Bailey, for plaintiffs in error.

Bob Howe and Hugh M. Bland, for defendant in error.

OSBORN, C. J. This action was instituted in the court of common pleas of Oklahoma county by H. H. Vincent, hereinafter referred to as plaintiff, against the General Motors Acceptance Corporation and the Greenlease-Moore Chevrolet Company, wherein plaintiff sought to recover actual and punitive damages for the alleged wrongful conversion of an automobile. The cause was tried to a jury and a verdict was returned in favor of plaintiff for $48.56 as actual damages, and the sum of $500 as punitive damages. From a judgment upon the verdict, defendants have appealed.

It appears that on February 29, 1936, plaintiff purchased from defendant Greenlease-Moore Chevrolet Company a used 1931 model Ford sedan automobile for a total price of $273.92, upon which the sum of $50 was credited as a down payment and the balance was payable in twelve monthly installments of $18.66 each, beginning on March 30, 1936; that there was executed a conditional sales contract whereby it was provided that title to the property should not pass to the purchaser until the amount of the deferred balance was fully paid in cash; and further provided that upon default of the terms thereof the full amount should become due and payable immediately, and that the holder of the contract might take immediate possession of the property wherever found. The contract was assigned and transferred to the General Motors Acceptance Corporation. It appears that plaintiff did not pay the installment due on April 30, 1936, and on May 12, 1936, an agent of defendant, General Motors Acceptance Corporation, took possession of the automobile when it was parked on West Grand avenue in Oklahoma City, Okla. It appears that plaintiff was carrying the keys to the car and that defendant's agent took possession of the same by towing the said car to the garage of the Greenlease-Moore Chevrolet Company. Plaintiff was not present at the time said agent took possession of the car and a day or two later he located the same in the possession of the defendant company.

Plaintiff alleges that there were certain articles of clothing in the car at the time defendant's agent took possession thereof, of the value of $17.84. Defendant denies that said articles were in the car, but claims that instead there was only a pair of old work pants, an old blue shirt, a red bandana handkerchief, a package of cigarette papers and an athletic supporter, all of said property being of trivial value.

It is urged by plaintiff that such a taking of the car without his knowledge or consent amounts to a taking thereof by stealth and fraud; that the evidence indicates the use of force by defendant's agent in taking possession thereof in that the door handle of the car was broken off and was found by plaintiff near the place where the car was parked when defendant's agent took possession thereof.

In the case of Leedy v. General Motors Acceptance Corporation, 173 Okla. 445, 48 P.2d 1074, this court had for consideration a problem almost identical with the problem involved herein. It was held that under the provisions of a conditional sales contract authorizing a vendor or his assignee to take possession of personal property after breach of the conditions thereof, such an assignee has a contractual right to possession of an automobile conditionally sold and may acquire possession without judicial aid and without resultant liability for conversion and damages, provided such possession is obtained in an orderly manner and without creating a breach of the peace. To the same effect see First Nat. Bank & Trust Co. of Muskogee v. Winter, 176 Okla. 400, 55 P.2d 1029, and Malone v. Darr, 178 Okla. 443, 62 P.2d 1254. As we view it, these authorities are determinative of the controversy. The fact that the owner of the car was not present at the time the defendant's agent took possession thereof does not constitute a taking by stealth and fraud. Assuming that said agent broke the door handle in attempting to take possession of the automobile, such would not constitute an unlawful use of force sufficient to constitute a conversion of the property, under the applicable authorities. There were no threats or violence used and, clearly, the evidence does not disclose a breach of the peace. There was no conversion of the automobile, and under the evidence presented, the trial court erred in submitting such issue to the jury.

As heretofore stated, there were certain articles of personal property in the automobile at the time defendant's agent took possession. There is a sharp dispute in the

evidence as to what articles were in the car and as to their value. The conditional sales contract provided that the "seller may take possession of any other property in the above-described motor vehicle at the time of repossession and hold same temporarily for purchaser without liability on the part of seller." Under this provision of the contract there would not be a wrongful taking of the property, but the failure of defendants to account to plaintiff for the property upon his demand therefor would constitute an unlawful exercise of dominion over the same. The fact that a party may lawfully obtain possession of personal property does not preclude a subsequent action for unlawful conversion. If the rule were otherwise, a bailee might convert the property of his bailor with impunity. Pugh-Bishop Chevrolet Co. v. Duncan, 176 Okla. 310, 55 P.2d 1003. Accordingly, defendants would be liable to plaintiff for the actual cash value of the personal property which was in the automobile at the time of the taking and for which defendants failed to account to plaintiff.

The trial court erred in submitting the issue of punitive damages to the jury. To entitle a plaintiff to recover such damages, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent. Belcher v. Spohn, 170 Okla. 139, 39 P.2d 87. The elements essential to a recovery of punitive damages are not present in the instant case. The taking of the automobile and the personal property was specifically authorized by the terms of the contract. No evil intent is disclosed in the failure of defendants to account to plaintiff for the items of personal property which were in the car at the time of the taking.

The judgment is reversed and the cause remanded, with directions to proceed further in accordance with the views herein expressed.

CORN, GIBSON, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., and RILEY and PHELPS, JJ., absent. WELCH, J., dissents.