**James JONES, Appellant,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, a Foreign Corporation, and Hudiburg Chevrolet, Inc., a Domestic Corporation, Appellees.**

**No. 47858.**

Supreme Court of Oklahoma.

May 17, 1977.

Rehearing Denied June 13, 1977.

Robert T. Keel, Oklahoma City, for appellant.

Robert E. Manchester, McClelland, Collins, Sheehan, Bailey, Bailey & Belt, Oklahoma City, for appellee, General Motors Acceptance Corp.

Edward H. Ferrish, Midwest City, for appellee, Hudiburg Chevrolet, Inc.

IRWIN, Justice:

In this action for conversion, James Jones (appellant) sought damages against General Motors Acceptance Corporation (GMAC) and Hudiburg Chevrolet, Inc. (Hudiburg), for the wrongful repossession of appellant's automobile and the wrongful withholding of personal property which was in the repossessed automobile. The trial court sustained appellees' separate motions for summary judgment. On appeal, the Court of Appeals, Division No. 2, reversed the sustentions of the motions for summary judgment and remanded the cause for trial. Appellees seek Certiorari.

Appellant purchased the automobile from Hudiburg and financed it by means of a promissory note and security agreement. Hudiburg subsequently assigned the note and security agreement to GMAC. Appellant defaulted on the note and GMAC sent one of its employees to repossess the automobile. The repossession was accomplished without a breach of the peace by removing

the car from appellant's place of residence in his absence. Appellant returned to find a note from GMAC's employee stating the car had been repossessed and directing him to inquire at Hudiburg should he desire to secure its return. Appellant alleged in his petition and in certain affidavits filed in response to the subsequent motions of appellees for summary judgment that there were in the repossessed automobile items of personal property belonging to him, and that upon inquiry at Hudiburg he was told his personal property would not be returned to him unless he paid the entire balance due on the note secured by the car as collateral.

Suit was commenced by appellant to recover damages for the conversion of the car and the personal property taken with the car. In the trial court, appellees filed separate motions for summary judgment supported by affidavits. Appellant responded by filing counter-affidavits, which when considered with the pleadings and the affidavits of appellees constitute the source of the foregoing factual outline of the case. The trial court rendered summary judgment for appellees and appellant lodged this appeal.

The Court of Appeals reversed on the basis of a prior decision of the Court of Appeals ruling self-help repossession under 12A O.S.1971, § 9–503, unconstitutional. *Helfinstine v. Martin,* Okl.App., 47 OBJ 973 (1976). Since the promulgation of the unpublished opinion of the Court of Appeals in this case, the opinion of the Court of Appeals in *Helfinstine, supra,* has been vacated and the decision reversed by this Court. *Helfinstine v. Martin and Ford Motor Credit Co.,* Okl. 561 P.2d 951 (1977). Given this Court's opinion in *Helfinstine, supra,* there is no need to further discuss the constitutionality of our self-help repossession statute. See § 9–503, supra.

The Court of Appeals, recognizing the "somewhat inchoate" standing of the *Helfinstine* decision then pending on petition for Writ of Certiorari in this Court, proceeded further in their discussion of this case to consider the propriety of the trial court's ruling as it related to appellant's contentions concerning the conversion of his personal property. The relative rights of creditor and debtor with respect to personal property coming into the creditor's possession as a result of a § 9–503 repossession of collateral was a topic this Court expressly declined to consider in *Helfinstine, supra,* because the issue had not been properly raised. That issue has been raised in this proceeding and as appellant states "The issue to be decided is whether appellees are liable in damages for withholding personal property belonging to appellant obtained when they repossessed his automobile after demand for the return of the personal property has been made."

The case is before the Court on the sustention of the separate motions of appellees for summary judgment. On appellate review, all inferences and conclusions to be drawn from the underlying facts contained in the record should be viewed in the light most favorable to the party opposing the motion. *Northrip v. Montgomery Ward & Co.,* Okl., 529 P.2d 489 (1974).

Essentially, the arguments of appellees are twofold. First, appellees contend they rightfully acquired possession of the personalty under provisions of the security agreement which allowed the taking of personal property as a natural incident to the lawful repossession of the collateral. Second, appellee GMAC contends that even if appellee Hudiburg did wrongfully retain the personal property of appellant there are no facts indicating that Hudiburg was GMAC's agent so as to impute such wrongful conduct to it.

The Security Agreement executed by appellant states in part:

"Further in any such event [default], seller or any sheriff or other officer of the law may take immediate possession of said property without demand, and without process, including any equipment or accessories thereto; and for this purpose seller may enter upon the premises where such automobile may be and remove same. *Seller may take possession of any other property in the hereinabove described motor vehicle at any time of re-*

*possession, wherever such property may be therein, and hold same for buyer at buyer's risk without liability on the part of seller."* (emphasis ours).

Provisions such as the above quoted from appellees' security agreement are not new to Oklahoma law. In *General Motors Acceptance Corp. v. Vincent*, 183 Okl. 547, 83 P.2d 539 (1938), this Court considered a contract clause in a chattel mortgage similar to the one here in question. While upholding the propriety of the language employed, the Court observed:

" * * * Under this provision of the contract there would not be a wrongful taking of the property, but the failure of the defendants to account to plaintiff for the property upon his demand therefore would constitute an unlawful exercise of dominion over the same. The fact that a party may lawfully obtain possession of personal property does not preclude a subsequent action for unlawful conversion. * * *."

 The pleadings and affidavits of the parties tend to establish a question of fact over whether appellant was denied his personal property upon making proper demand for its return. Neither appellee had any security interest in appellant's personal belongings which were in the repossessed automobile. Appellees were only privileged under the terms of the security agreement to detain appellant's personal property so long as was necessary to secure possession of the car. Once proper demand was made for return of the personalty taken with the automobile, the items should have been returned. Appellees' present willingness to redeliver possession to appellant of the allegedly wrongfully detained personalty does not remove the essentially tortious nature of the original unauthorized exercise of dominion. The question of whether appellant's personal property was in fact unlawfully detained should be determined by a trial of the issue.

On considering GMAC's contention there was no agency relationship between it and Hudiburg, and Hudiburg's allegedly wrongful withholding of appellant's personal property could not be imputed to it, we find the pleadings and affidavits of the parties are at least minimally sufficient to frame a question of fact on this issue. While it is true that nowhere does appellant specifically describe appellee Hudiburg as the "agent" of appellee GMAC, the facts of the case need not be unreasonably strained to come to such an inference. The note and security agreement were assigned by Hudiburg to GMAC. Admitted agents of GMAC repossessed the vehicle, transported it to Hudiburg, and left notice of their acts for appellant with information as to the whereabouts of the automobile. The facts well plead and the affidavits at least raise a question of fact on the subject of an agency relationship between GMAC and Hudiburg. The resolution of factual disputes of this type are for the trier of facts. Summary judgment in favor of GMAC is not supportable on the theory of an absence of agency. Summary judgment in favor of appellees is therefore reversed.

Writ of Certiorari granted; Opinion of the Court of Appeals vacated; Judgment of the trial court, as it relates to the personal property of appellant taken with the repossessed automobile, reversed and remanded for further proceedings not inconsistent with the views expressed in this opinion.

All the Justices concur.