**K. L. MANGRUM, Appellee,**

v.

**FORD MOTOR CREDIT COMPANY, a corporation, Appellant.**

**No. 50353.**

Supreme Court of Oklahoma.

April 25, 1978.

Layden & Layden by William H. Layden, McAlester, for appellee.

Bratton, Allford, Ashmore & Ivester by Robert Ivester, McAlester, for appellant.

BARNES, Justice:

The single issue in this appeal is whether the judgment entered on a jury verdict by the court for punitive damages is sustained by sufficient evidence. The pertinent facts are as hereinafter related.

Appellee (Plaintiff below), K. L. Mangrum, brought suit against Appellant (De-

fendant below), Ford Motor Credit Company, a corporation, for conversion of personal property and for punitive damages, seeking $988.00 actual damages and $8,000.00 punitive damages. The record reflects that around 3:00 or 4:00 a. m., on the morning of January 20, 1976, the Appellant entered Appellee's property without his knowledge and removed a 1973 Pontiac Grandville automobile, with the contents thereof, from the east end of Appellee's trailer home, proceeding under the self-help repossession statute, 12A O.S.1971, § 9–503. Appellant notified the McAlester Police Department that the car had been repossessed.

It appears from the record that Mangrum purchased the automobile, which was financed by Ford Motor, in June, 1975, from an agency in Cleburne, Texas. Thereafter, Mangrum made payments to Ford Motor until August, 1975, when he moved to McAlester, Oklahoma. Ford Motor was not notified of this move and nothing further was paid until the auto was repossessed by Don Sappington and David Dillard on the date in question. Sappington, who repossessed for Appellant, and Dillard took the automobile from Appellee's residence to Tulsa, Oklahoma, where it was parked in the driveway at the Dillard home.

The next day the Tulsa branch office of Ford Motor had contacted Sappington, stating that Mangrum had contacted them concerning some guns in the trunk of the automobile and asked Sappington to get a key cut for the trunk and make an inventory. Sappington testified he called a Tulsa locksmith and then advised Dillard that a locksmith was on his way to make a key. The locksmith testified the trunk and lock appeared to be in good condition, and there was no indication the trunk had been jimmied or pried open. After the key was made and the trunk opened, Dillard advised Sappington there were no guns found in the automobile. The record reflects the automobile was locked and parked at the Dillard home for twenty-four hours before being taken to the Tulsa Ford Motor Credit office, where an inventory was made of all personal property therein. This property was boxed and shipped to Mangrum.

Mangrum acknowledged receipt thereof on January 23, 1976, but alleged that not all the personal property was returned.

Dillard, Bohanan, the locksmith, and Lindorfer, employee of Ford Motor at the Tulsa office, testified no guns were found inside the trunk. The only evidence contra was that of Mangrum. In addition, Mangrum's three witnesses testified they hunted with Mangrum during the Thanksgiving holidays of 1975 and at that time he had some guns located in the trunk of the automobile.

Apparently, Appellee Mangrum had no complaint about the legality of Appellant's action in regard to repossession of the automobile, but claims not all personal property was returned to him, thus giving him a cause of action for conversion. The case was tried to a jury in the District Court of Pittsburg County, McAlester, Oklahoma, on September 22, 1976. The jury returned a verdict in favor of Mangrum. Ford Motor filed a Motion for Judgment Notwithstanding the Verdict and a Motion for New Trial, which motions were overruled on November 4, 1976. Judgment was entered against Ford Motor in the amount of $983.45 actual damages and $4,000.00 punitive damages, plus interest and costs.

In Appellant's brief the only proposition of error is that the judgment entered on the verdict of the jury by the court for punitive damages is not sustained by sufficient evidence and is contrary to law. Appellant contends the evidence in this case did not prove any evil intent, act of fraud, malice or oppression upon the part of the Appellant and that Appellant's demurrer to the evidence and Motion for Directed Verdict at the conclusion of the trial in regard to the question of punitive damages should have been sustained by the Trial Court.

In support of its position Appellant relies on *General Motors Acceptance Corporation v. Vincent*, 183 Okl. 547, 83 P.2d 539 (1938), and 23 O.S.1971, § 9. That statute allows recovery for exemplary damages and provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

In *General Motors, supra,* the plaintiff sought to recover actual and punitive damages for conversion of an automobile after repossession when plaintiff defaulted under a conditional sales contract. There was a sharp dispute in the evidence as to what articles were in the car and as to their value. The conditional sales contract provided that the seller could take possession of any property in the motor vehicle at the time of repossession and hold the same temporarily for the purchaser without liability on the part of the seller. The Court said therein that the defendants would be liable to plaintiff for the actual cash value of the personal property which was in the automobile at the time of the taking, and for which defendants failed to account to plaintiff. Regarding punitive damages, the Court further stated:

"The trial court erred in submitting the issue of punitive damages to the jury. To entitle a plaintiff to recover such damages the proof must show some element of fraud, malice or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent. *Belcher v. Spohn,* 170 Okl. 139, 39 P.2d 87. The elements essential to a recovery of punitive damages are not present in the instant case. The taking of the automobile and the personal property was specifically authorized by the terms of the contract. No evil intent is disclosed in the failure of defendants to account to plaintiff for the items of personal property which were in the car at the time of the taking."

Appellant believes the same set of facts exist in the present case, and there is not sufficient evidence to prove any evil intent,

wilful fraud, malice, gross neglect or oppression upon the part of Appellant to sustain an award for punitive damages. Appellant points out that it never refused to return the personal property found in the trunk of the automobile, nor did it make the return of the personal property conditioned upon any act of the Appellee.

On the other hand, Appellee submits the Trial Court's judgment for punitive damages is sustained by sufficient evidence, is not contrary to law, and that there was sufficient evidence presented to allow the question of punitive damages to go to the jury. Appellee contends there must have been no evidence whatsoever that would give rise to an inference of actual malice or conduct deemed equivalent to actual malice, considering the evidence most favorable to the Appellee. Appellee relies on *Reed v. Finchencord,* 96 Okl. 3, 219 P. 937 (1923), where this Court stated:

"This court has also held that the question of exemplary damages, where properly pleaded, is a question of fact for the jury, if there is some evidence reasonably tending to support that issue, and that in such circumstances the trial court should submit the question to the jury. * * "

Appellee further relies on *Sopkin v. Premier Pontiac, Inc.,* 539 P.2d 1393 (Okl.App. 1975), where the Court of Appeals said:

"Even if a proper objection had been raised, whether appellant's conduct was malicious, oppressive, or sufficiently reckless to merit punishment should be a jury decision. Only where there is no evidence whatsoever that would give rise to an inference of actual malice or conduct deemed equivalent to actual malice may a trial court refuse to submit an exemplary damage instruction to the jury. It must consider the evidence in the light most favorable to the plaintiff. *Garland Coal & Mining Co. v. Few,* 267 F.2d 785 (10th Cir. 1959)."

Appellee points out that in the instant case there is evidence of a wilful and reckless disregard for Appellee's rights to the

unencumbered personal property in that Appellant did not have the automobile checked for such property until a considerable time after the repossession, and the property was left exposed to possible danger or disappearance by Appellant's agent's leaving it at Dillard's house, where the automobile was not guarded in any fashion nor watched during the time it was in the driveway. Appellee asserts these facts, coupled with the fact that the guns were allegedly not returned pursuant to Appellee's request, was evidence of a wilful and reckless disregard of Appellee's rights to his unencumbered personal property.

It is apparent from the verdict in the case at bar that the jury concluded that Appellee's guns were in the car when it was repossessed. The Appellant does not question the award of actual damages, so the award of actual damages is affirmed. From our review of the record, we do not think the evidence proves either directly or circumstantially that Ford Motor or any of its employees acted with a wilful, deliberate, or evil intent to maliciously, fraudulently, or oppressively deprive Mangrum of his personal property. We find that the language previously quoted herein from the case of *General Motors Acceptance Corporation v. Vincent, supra,* is applicable to and determinative of the question of punitive damages. We hold that it was error to submit the question of punitive damages to the jury.

Therefore, the judgment for punitive damages is reversed and set aside. The cause is remanded to the Trial Court with instructions to enter judgment in favor of Appellee for actual damages.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.