Marvin WOLFE and Kathleen
Wolfe, Appellees,

v.

Dave FAULKNER, Sheriff of Tulsa Coun-
ty, Okla.; Roy Clugston, Deputy Sheriff
of Tulsa County, Okla.; St. Paul Fire &
Marine Insurance Company, A Foreign
Insurance Company; and Oklahoma
Surety Company, An Oklahoma Insur-
ance Company, Appellants.

No. 52113.

Supreme Court of Oklahoma.

April 28, 1981.

S. M. Fallis, Jr., Dist. Atty., Tulsa County
by James F. Raymond, Asst. Dist. Atty.,
Tulsa, for appellant Dave Faulkner, Sheriff
of Tulsa County.

Robert Butler, Tulsa, for appellant Roy
Clugston, Deputy Sheriff of Tulsa Cty.

John R. Richards, Tulsa, for appellant St.
Paul Fire & Marine Ins. Co.

Jack J. Ferguson, Tulsa, for appellant
Oklahoma Sur. Co.

John W. Young, Sapulpa, William Boss-
man, Dallas, Tex., for appellees Marvin
Wolfe and Kathleen Wolfe.

HARGRAVE, Justice.

On August 2, 1974, a teletype was re-
ceived by the Tulsa County Sheriff's Office
from the Panola County, Texas, Sheriff's

office. This teletype and an additional communication relayed information that a 1973 brown and yellow pickup truck, Serial No. VIN F10 YK 546220, Alabama license number 27P4505, had been stolen from its owner, Mary Ann Minter, and that a felony arrest warrant for a Donald Eugene Owens had been authorized and issued.

The pickup truck was located within Tulsa County in Sand Springs and on August 6, 1974, Roy Clugston, Deputy Sheriff of Tulsa County, and Bob Brosseal, Special Agent of the Federal Bureau of Investigation, armed with the information and description relayed by the teletype, proceeded to the residence of Marvin and Kathleen Wolfe in order to secure the truck. Deputy Clugston and Agent Brosseal impounded the truck after advising Mrs. Wolfe that the truck had been identified as stolen. Mr. Wolfe, after learning that his truck had been seized and taken to a local garage,[1] demanded that the truck be returned to him. Despite Mr. Wolfe's repeated requests and the production of an Alabama Official Tag Receipt and a bill of sale as evidence of ownership, the truck was released by the law enforcement officers to Mrs. Minter on August 16, 1974, who, after evidencing allegedly proper title to the satisfaction of the law enforcement officers, removed the truck from this jurisdiction.

The Wolfe's alleged documents of ownership had been obtained on May 31, 1974, after purchasing the 1973 Ford Ranger from Mr. Owens, the alleged thief identified in the teletype. The Wolfes had responded to an advertisement published in the Tulsa Daily World and had paid Mr. Owens $1750 in cash and had given him a Honda motorcycle valued at $850.

Mr. Owens was subsequently arrested as a result of the warrant and was charged with obtaining money by false pretenses. The charge was later dismissed and Ms. Minter has never returned to this jurisdiction to testify against him. Evidence was introduced in this suit which indicated that at the time the pickup was taken, Mr. Owens and Ms. Minter were married to each other[2] and that as a result of a domestic argument in October, 1973, nine months before she filed the theft report, Ms. Minter ordered Mr. Owens to leave. Whether she intended for him to take the pickup with him is the sole basis for the present dispute.

Pursuant to the release of the truck to Ms. Minter, the Wolfes brought suit as refined by amended petitions sounding in conversion on December 12, 1974, against Dave Faulkner, Sheriff of Tulsa County, Deputy Clugston, St. Paul Fire and Marine Insurance Co.,[3] and Oklahoma Surety Co.,[4] in the District Court of Tulsa County seeking compensatory damages of $2600, the value of the truck, and punitive damages of $15,000. The jury on October 26, 1977, returned a verdict for the Wolfes in the amount of $2600 which prompted the defendant law enforcement officers and surety companies on November 4, 1977, to file a Motion for New Trial. The motion was heard on February 3, 1978, and ultimately overruled on March 10, 1978. The defendants then appealed to this Court citing nine assignments of error which were addressed in seven major propositions. The appeal was heard by the Court of Appeals, Division 1, which on October 23, 1979, issued an unpublished opinion reversing the jury's verdict and remanding with instructions for a new trial.

The Court of Appeals based its decision on a jury instruction[5] which "was in effect

---

1. Initially Millard Spears, owner of Spears Garage Wrecker Service, was also named as defendant in the petition.

2. Subsequent evidence indicated that Mr. Owens was in fact married to one Catherine Moore at the time he supposedly married Ms. Minter.

3. The bonding company for Sheriff Faulkner.

4. The bonding company for Deputy Clugston.

5. The Court's Instruction No. 5, upon which the Court of Appeals based its reversal of the trial court is as follows:

"You are instructed that the Court has made a legal determination that the taking of the vehicle in question by the defendants was done in a proper and lawful manner under the Oklahoma Statutes.

a legal finding by the Court that Donald Owens was the rightful owner of the vehicle in question. The ownership question was a disputed fact question and the main issue to be decided by the jury, and not by an instructed verdict . . . ."

The Wolfes petitioned the Court of Appeals for a rehearing on November 6, 1979. Rehearing was denied on July 8, 1980, whereupon the Wolfes petitioned this Court for certiorari on July 25, 1980. Certiorari was granted on September 24, 1980, and on October 6, 1980, a memorandum decision was issued by this Court which vacated the appellate court's decision and affirmed the jury's verdict. The memorandum decision stated that

the language of the instruction construed in its entirety does not support a legal finding that Donald Eugene Owens was the rightful owner of the pickup. Instead, the instruction presented the question of whether at the time the plaintiffs purchased the vehicle, was the owner of the vehicle Mary Ann Minter or Donald Eugene Owens?

As a result of the memorandum decision, the defendant law enforcement officers and surety companies have petitioned this Court for a rehearing. They argue that the original Petition in Error prepared as a result of the jury verdict contained nine assignments of error addressed in seven major propositions in the appellate briefs; that the Court of Appeals focused entirely on one issue in reversing and remanding; that the Supreme Court's memorandum decision failed to address the six other propositions; that evidence located after submission of the briefs to the Appeals Court indicates that

Mr. Owens was married to a Catherine Moore [6] at the time he supposedly married Ms. Minter; and that the memorandum decision should be withdrawn and the Court of Appeals' decision should be reinstated, or in the alternative, that the six remaining propositions be discussed.

A review of the remaining contentions as argued by the defendants reveals that the affirmance of the jury's verdict by this Court was proper and that rehearing should be granted for examination of appellants' remaining propositions of error.

■ The first assignment of error urged on appeal was that the evidence established that the Wolfes' claim of ownership was derived from a thief and therefore ownership of the truck was never obtained. The contention is without merit. While it is true that as a general rule for chattels, a bona fide purchaser who purchases from a thief gets nothing, *Linwood Harvestore, Inc. v. Cannon, 427 Pa. 434, 235 A.2d 377, 380 (1967)*, and that "an individual can convey no better title to an item of property than that which he himself possesses," *Simpson v. Shaw, 71 Ariz. 293, 297, 226 P.2d 557, 560 (1951)*; accord, *Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588 (1950)*, the defendants' argument presupposes a finding by the jury that Mr. Owens was a thief, therefore he possessed no title, and as a result he could convey no title. Ownership of the truck was the most disputed fact question in the controversy and it was a question for the jury to decide guided by the proper instructions.

The defendants' broad assertion that Mr. Owens was a thief was never proven.

"You are further instructed that the issues for you to determine in the case are:

"1. Whether Mary Ann Minter was the rightful owner of the pickup truck in question when it was taken from her and re-delivered to her on the 16th day of August, 1974, or whether the plaintiffs purchased the vehicle from the rightful owner, Donald Eugene Owens?

"2. Whether the action of releasing the vehicle in question to Mary Ann Minter on August 16, 1974, was done in accordance with the Oklahoma Statute requiring satis-

factory proof of ownership (Title 47, Section 4–105(E)).

"If you find both of the above issues in favor of the plaintiffs, then your verdict should be for the plaintiffs against the defendants; on the other hand, if you find either of the above issues in favor of the defendant, then your verdict should be for the defendants against the plaintiffs."

6. Mr. Owens married Ms. Moore in Bryan County, Oklahoma, on May 12, 1971, and divorced her on November 18, 1974. Mr. Owens "married" Ms. Minter on September 13, 1973.

While ownership of the truck by Ms. Minter at a point prior in time was substantiated by testimony, this fact alone is not conclusive of finding Mr. Owens a thief since the ownership of the truck at the time of selling it to the Wolfes is the controlling factor. The key to Mr. Owens' alleged act of thievery was whether Ms. Minter was divested of her property without her consent.

Testimony given at the trial by Special Agent Brosseal revealed that during an interview with Ms. Minter, he was told that three weeks after her marriage to Mr. Owens in September, 1973 she requested that Mr. Owens leave the premises and take the pickup with him and that she did not register a complaint with the Texas authorities until nine months later in July, 1974. Agent Brosseal also testified that the U.S. Attorney elected not to prosecute Mr. Owens due to the nature of the relationship between Ms. Minter and Mr. Owens.

Testimony was also given by Deputy Clugston as to the ownership of the truck. On direct examination, Deputy Clugston indicated that Mr. Owens took the truck without permission. This testimony was based upon an oral interrogation of Mr. Owens by Deputy Clugston and repeated without benefit of written record. During cross-examination, however, the written investigation report prepared by Deputy Clugston was read into evidence and the report indicated that Ms. Minter told Mr. Owens to leave and to take the pickup with him.

The defendants' proposition must fail since a jury could reasonably conclude that Mr. Owens, at the direction of Ms. Minter, was rightfully in possession of the pickup, and any verdict based on evidence, though conflicting, reasonably tending to sustain such a verdict and a court's judgment based thereon, should be affirmed on appeal.

The defendants argued as their second proposition that the Wolfes failed to establish valid, legal ownership in the vehicle and thereby as a matter of law failed to meet their burden of proof. Whether the Wolfes established ownership was a question for the jury to decide when as in the case at bar the facts concerning ownership were so disputed. As this Court held in *Benton v. Ortenberger,*

Where, in an action for damages for aiding in the conversion of plaintiff's property, there is a complete failure in plaintiff's proof to show that the defendant charged knew of the plaintiff's ownership in the property, there is an entire lack of evidence to support a verdict for damages for aiding in the conversion, and a demurrer to the evidence, or motion for a directed verdict should be sustained.

We are of the opinion that this rule is also applicable where there has been a complete failure to show title or ownership of property in plaintiff.

A verdict may and should be directed for defendant where there is either a total failure of proof authorizing recovery, where the evidence is all one way and is uncontradicted and but one legitimate inference may be drawn from it and a defense is thereby made out for defendant, . . . [or] where plaintiff did not make out a prima facie case of ownership. *371 P.2d 715, 718–19 (Olka.1962), (citing Davis v. Howe, 99 Okl. 118, 122, 226 P. 316, 319 (1924))*

The Wolfes introduced testimony as to their purchase of the truck and they produced the Alabama official tag receipt and the bill of sale for the truck. As the defendants argued in their brief, "[t]he certificate of title to an automobile issued under a motor vehicle code is not a muniment of title which establishes ownership," *Adkisson v. Waitman, 202 Okl. 309, 310, 213 P.2d 465, 466 (1949),* and as such the Alabama tag receipt alone is insufficient. The Wolfes, however, produced a bill of sale coupled with their claim that Mr. Owens was in a position to pass title—a fact not conclusively negated by the defendants. The Wolfes' proof or alleged lack of proof did not fall within the language of the *Benton* court. There was no total failure of proof authorizing recovery or evidence so uncontradicted that but one inference could be drawn. Again it was a question for the jury and there is evidence which tends to support the conclusion it drew.

The defendants' next proposition stated:

As has been seen, plaintiffs have failed to establish valid, legal title in themselves in that they took possession from a thief. In failing to take title from their vendor they have also failed to demonstrate through pleadings or proof, the applicability of 12A O.S. § 2–403(1) although they affirmatively pleaded it and thereby bound and committed themselves to undertaking its ultimate proof.

This proposition rests upon a faulty premise: "as has been seen, plaintiffs have failed to establish valid legal title in themselves in that they took possession from a thief." The proposition has no merit because the event which it presupposes has not transpired. The Wolfes have not failed to establish valid legal title in themselves as demonstrated by the jury's decision.

The fourth contention argued by the defendants was that the trial court erred in not reconciling, as a matter of law, the conflict between the Oklahoma statutes and by submitting the case to the jury in a broad relative ownership instruction. The defendants' statutory conflict arose, they contended, between 47 O.S.1971 § 4–105(e) and 12A O.S.1971 § 2–403(1).

Title 47, Section 4–105(e) provides:

Any peace officer who has reason to believe or upon receiving information that a motor vehicle has been stolen shall have and is hereby vested with authority to confiscate and hold such vehicle until satisfactory proof of ownership is established.

■ Based upon the statutory provisions of this section the law enforcement officers were acting within their scope of authority to confiscate and hold the truck. It does not follow, however, that such authority automatically relieves the officers of a duty to determine if satisfactory proof of ownership is established in another before they release a vehicle. This is not a stringent requirement to impose upon an officer. It is a common sense judgment made by an officer after viewing the claims of proof presented. In the case at bar, the officers were aware that Mr. Wolfe had made repeated claims of ownership and were aware of Ms. Minter's statement regarding Mr. Owens' departure. Faced with conflicting claims, it is doubtful that satisfactory proof of ownership in either party was established at the time the truck was released to Ms. Minter.

■ Since a subsequent action for conversion is not precluded by an initial lawful taking of property, *General Motors Acceptance Corp. v. Vincent, 183 Okl. 547, 83 P.2d 539 (1938)*, it is entirely proper for the trial court to submit to the jury the issue of whether a subsequent conversion occurred after it determined that the initial taking did not constitute conversion. It is also reasonable to conclude that a jury could find that satisfactory proof of ownership was never established in Ms. Minter at the controlling time—the time the Wolfes purchased the truck.

Title 12A, Section 2–403(1) enables a person with voidable title to transfer a good title to a good faith purchaser for value. It was never established that Mr. Owens had a voidable title. The apparent conflict presented by these two sections is based upon the faulty interpretation given to Title 47, Section 4–105(e) by the defendants and upon the unproven allegation that the Wolfes never established valid ownership.

The defendants further argued that the trial court erred in submitting the case to the jury and by failing to grant a summary judgment, a directed verdict and judgment notwithstanding the verdict in favor of the defendants. The defendants base their argument on the contention that there was no substantial conflict in testimony, no material issue of fact raised which would preclude summary judgment and no proof presented by the plaintiffs to establish their claim of ownership. This contention is without merit. As discussed earlier, substantial conflict in testimony arose, material issues of fact were raised which would preclude summary judgment, and the plaintiffs did not fail in their burden of proof warranting a directed verdict as recognized by the court in *Benton v. Ortenberger, supra.*

Regarding the defendants' last proposition, while this Court recognizes the gravity of the statistics cited by the defendant law enforcement officers as to the number of motor vehicle thefts, this Court is of the opinion that public policy does not militate against this Court's affirmance of the jury verdict and judgment based thereon.

The decision of the Court of Appeals is vacated, and the memorandum opinion of this tribunal dated October 6, 1980, is affirmed as modified. Petition for rehearing is granted; the judgment of the trial court pursuant to jury verdict is thereupon affirmed.

AFFIRMED.

All Justices concur except SIMMS, J., who concurs in part and dissents in part.